### VAN EPPS v. INTERNATIONAL PAPER CO.

(Circuit Court, N. D. New York. August 14, 1903.)

1. PATENTS—INFRINGEMENT—PRIOR ADJUDICATION.
   A judgment for infringement against a manufacturer is not conclusive upon a subsequent purchaser and user of the manufactured articles either as to the validity of the patent or infringement.

2. SAME—EFFECT OF JUDGMENT AGAINST MANUFACTURER—RIGHT TO USE.
   A judgment at law against an infringer for the manufacture of an infringing article does not give him the right to vend the articles so made, or the right to the purchaser to use the same.

3. SAME—INFRINGEMENT—VARIATION FROM DRAWINGS.
   In constructing a machine under a patent, slight and immaterial departures from the drawings are permissible, and infringement is not avoided because of such differences.

4. SAME—PULP-SCREENING MACHINES.
   The Victory & Remington patent, No. 417,451, for pulp-screening machines, was not anticipated, shows patentable invention, and is valid. Claims 1 and 2 also *held* infringed by machines made under the Gotham patents, Nos. 511,770 and 530,586.

This is an action at law for the recovery of damages alleged to have been sustained by the plaintiff by the use by defendant of a number of wood pulp screens manufactured and sold to defendant by one Darwin B. Gotham under his patents (as he claims) Nos. 511,770 and 530,586, and which are alleged to infringe claims 1 and 2 of letters patent to Edmund Victory, plaintiff's intestate, No. 417,451, dated December 17, 1889, application filed April 19, 1889.

Edwin H. Risley, for plaintiff.

Alfred Wilkinson (Stetson, Jennings & Russell, of counsel), for defendant.

RAY, District Judge. The action was commenced by Edmund Victory, and, he having died, the suit was continued in the name of his administratrix. The defendant admits the purchase and use

of 85 pulp-screening machines alleged to infringe claims 1 and 2 of a patent granted to Edmund Victory, No. 417,451, dated December 17, 1889. The defendant is not a wood pulp screen manufacturer, but merely owns and uses these machines to carry on its pulp business. On the final hearing the only defenses relied on were noninfringement and that plaintiff's patent is invalid by reason of the alleged fact that it is old, was anticipated by the Kron patent, No. 315,420, of 1885, and two British patents—Miller, No. 3,620, of 1880, and Rogers, No. 4,073, of 1887. Other patents were in evidence, but no serious claim was made that they show anticipation, etc. The defendant says that, to show anticipation, he relies particularly on the Kron patent, and that, comparing Victory's to Kron's, there is practically no difference, the whole arrangement and mode of operation being the same; that Kron has a series of two chambers arranged longitudinally in a box, whereas Victory has increased the number, and arranged them laterally in a box; that the operating means and connection to the bellows is the same in mode of operation; but admits that Victory differs from Kron in the form of his connecting frame, his flexible bellows joints, which are turned at right angles, and connected to the edges of his plates, and in the form of his flexible packing strips; but it is alleged that Gotham has not copied these details. On a careful examination of the evidence and of the exhibits this court is satisfied that the Victory patent was not anticipated, and shows patentable invention, and is valid. The presumption is in favor of its validity, and this presumption has not been overcome by the evidence.

Attached to the declaration in this case is the copy of a judgment in an action in this court wherein said Edmund Victory was plaintiff and said Darwin B. Gotham was defendant, and which is as follows:

"United States Circuit Court, Northern District of New York.

"Edmund Victory vs. Darwin B. Gotham. Judgment.

"This action was brought to recover damages for the infringement of United States letters patent No. 417,451, issued December 17, 1889. The defendant appeared in said action, and filed his answer, and this court made an order on consent of the parties waiving a trial by jury, and directing that the case be tried before the court. The parties having submitted all of their proofs, and the case having been duly argued in this court by the attorneys and counsel for the respective parties, and the court having filed its decision in favor of the plaintiff and against the defendant for $5,000 damages.

"Now, therefore, on motion of Messrs. Risley & Love, attorneys for the plaintiff, it is ordered and adjudged as follows:

"First. That the plaintiff, Edmund Victory, is the exclusive owner of U. S. letters patent No. 417,451, issued December 17, 1889, to Edmund Victory and Charles R. Remington, and of all rights of action for damages for the infringement thereof.

"Second. That the said letters patent No. 417,451 is a good and valid patent in law.

"Third. That the defendant, Darwin B. Gotham, has infringed claims one and two of said letters patent by the manufacture and sale of pulp screens known as the 'Gotham Pulp Screen.'

"Fourth. It is further ordered, adjudged, and decreed that the plaintiff, Edmund Victory, do now recover judgment against the defendant, Darwin B. Gotham, for the sum of five thousand dollars ($5,000) damages for the wrongful manufacture and sale by the said Darwin B. Gotham of one hun-

dred Gotham pulp screens, and that the plaintiff have execution against the defendant therefor.

"Judgment entered, filed, and docketed this 21st' day of November, 1900, at 2 o'clock and 35 minutes p. m.                    W. S. Doolittle, Clerk."

The original judgment and roll and the evidence in that case is in evidence in this case. This court declines to hold that such judgment is res adjudicata as between the parties to this action on any question in issue, but decides the case on the evidence produced regardless of that judgment. Defendant says such judgment and the proof of its payment establishes a right in Gotham to sell these machines, and a right in his vendee to use them. That this court declines to hold, as such judgment was for past infringements of plaintiff's patent by the defendant in that suit. That judgment established no license or right to continue the infringement.

It appears from the evidence in this case that Victory was the first to invent and the first to reduce to practice and use a practical screen with a series of separate compartments running crosswise of the screen body, each having an outlet sealed with "stuff" to prevent the escape of air, and a series of independently operated bellows plates operating in the compartment below the horizontal screens. The utility of the invention has been demonstrated by large sales, and there is evidence that it displaced all prior types of screens in the manufacture of wood-pulp paper, thereby increasing production and decreasing expense, and making the only practical screen now in use. Letters patent secure to an inventor the right to manufacture, for which right Gotham has settled and paid; also the right to vend to others to use and the right to use the machines; and any one who infringes any of these rights is liable to the owner of the patent for damages. Birdsall v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768. This court is of the opinion that claims 1 and 2 of the patent in question have been infringed by the defendant in using the screens purchased by it of Gotham. This court is of the opinion that each and every element in both these claims are present and used in the construction of the alleged infringing machines, and the function of each and every element is performed in the same manner by the infringing machines as in the plaintiff's machines. Infringement is not disproved by the fact that there is a difference in the drawings in the patent in suit and the mode of attaching the bellows joint to the bellows plate. Drawings accompanying applications for letters patent are hardly ever drawn to the same condition, nor is the machine manufactured in the same way precisely as illustrated in the drawings of the patent. Slight and immaterial differences in the making and in the connection between parts for accomplishing the end described in the patent are permissible. This court finds and holds that the infringing machines used by the defendant contain the same element, perform the same function, and secure the same operation and result as do the Victory patent. Having arrived at this conclusion after an examination of the evidence, the exhibits, etc., it is unnecessary for this court in this action to enter into a detailed statement of the reasons why it arrives at this conclusion. This court is satisfied that as to claims

and 2, alleged to be infringed, the machines used by the defendant substantially copy and appropriate the patent in suit. The slight structural changes in the defendant's machines do not involve a change of principle, or of construction, or of operation. The structural difference in the defendant's machines, as compared with the Victory patent, consisting of a change in the construction of the flow box and slight modifications in the rod or connecting frame, and the use of a cam instead of an eccentric, are those of structural changes without departing in any substantial degree from the principles of construction and operation of the plaintiff's machine. The plaintiff's contention is the separate compartments crosswise of the length of the screen body; screen plates over the separate compartments; independent rigid bellows plates of substantially the same size as the separate compartments, the bellows joints connecting the bellows plate and the adjacent walls of the separate compartments, either alternately or simultaneously arranged eccentrics or cams; and independent connecting rod or rods connecting cam or eccentric with the independent bellows plate. All the elements form a new and useful combination to produce a new result, where each compartment is sealed so as to obtain alternately an upward pressure of air and a partial vacuum in each compartment. These are neither met nor anticipated in any or all of the prior patents, and the core or heart of the invention of the Victory patent consists in the combination and arrangement of the elements set forth in claims 1 and 2 of the patent. The defendant's machines clearly infringe.·

The remaining question is one of damages. The plaintiff has established a license fee for his machines, and this forms a proper measure of damages. The purchase and use of 85 of these machines is conceded, and the damages are assessed at $4,250, for which sum plaintiff is entitled to judgment, with interest from the time of the commencement of this action.

Judgment is directed accordingly.