MECCANO, Limited, v. JOHN WANAMAKER, NEW YORK.

(Circuit Court of Appeals, Second Circuit. March 24, 1918.)

No. 40.

1. PATENTS ⬅➞327—SUIT FOR INFRINGEMENT—PRIOR ADJUDICATION.

   A decree for infringement against a manufacturer is not conclusive upon a purchaser in a pending suit against him, even though the manufacturer is taking part in the defense.

2. APPEAL AND ERROR ⬅➞1175(7)—APPEAL FROM INTERLOCUTORY ORDER—ENTRY OF FINAL DECREE.

   If in any case an appellate court, on an appeal from an order granting a preliminary injunction, may enter a decree for complainant on the merits, the power is limited to cases in which the court can see that the whole issue can be disposed of at once, without injustice to the parties.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Meccano, Limited, against John Wanamaker, New York. From an order granting a preliminary injunction, defendant appeals. On motion of complainant for decree on the merits. Denied.

This was a motion for a "decision on the merits of this cause" by this court under the following circumstances: A suit was brought in the District Court for the Southern District of New York for an injunction for infringement of a copyright, and of a patent, and for unfair competition in the manufacture of a mechanical toy in absolute imitation of the plaintiff's. The plaintiff applied for and got an injunction pendente lite (241 Fed. 133), from which the defendant appealed. That appeal is still pending undetermined in this court. Meanwhile the plaintiff had in the District Court required the defendant to answer certain interrogatories, by which it appeared that the defendant procured from one Wagner the toys which it sold in alleged unfair competition and in violation of the patent, and also the "manuals" which went with the toys and explained their uses, which are alleged to infringe the copyright. The interrogatories further showed that Wagner had agreed to hold the defendant harmless for any sales of the toys and manuals, and that in pursuance of that undertaking he had taken a share in the defense

⬅➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of this suit. While it did not appear exactly what that share was, it may be assumed, for the purposes of the motion only, that Wagner has assumed the chief conduct of the case, and that the defendant remains only formally represented.

The plaintiff sued Wagner in Ohio upon the three same causes of equity and obtained a decree upon all. Later an appeal was taken to the Circuit Court of Appeals for the Sixth Circuit, and the decree was affirmed except as to the patent, which was declared invalid, and which the plaintiff has now withdrawn from this suit. No final decree has been entered, and the Ohio cause now stands for an accounting in the District Court. This motion is upon the record in the Ohio suit, which is made a part of the moving papers, and it presupposes that this court may pass a final decree for the plaintiff upon the appeal from the injunction pendente lite, upon the assumption that that record is a complete estoppel against the defendant here and leaves open no issues for determination between the parties.

Reeve Lewis, of Washington, D. C., and C. A. L. Massie and Ralph L. Scott, both of New York City, for the motion.

H. A. Toulmin, of Washington, D. C., opposed.

Before ROGERS, Circuit Judge, and LEARNED HAND and MAYER, District Judges.

LEARNED HAND, District Judge (after stating the facts as above). We pass the question of practice whether this court, under the doctrine of Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 488, 20 Sup. Ct. 708, 44 L. Ed. 856, may enter a decree for the plaintiff upon such an appeal as that now pending. Mast, Foos & Co. v. Stover Mfg. Co., supra, was a case where the bill was dismissed, and no case has so far held that the plaintiff could obtain an affirmative decree. As we think the motion must be denied upon the merits, we leave open the question whether the plaintiff may in any event so terminate the litigation.

We further disregard the objection that the Ohio decree is still only interlocutory, and therefore under general principles cannot in any event constitute an estoppel. How far this rule may be changed when there has been a decision upon an appeal from such a decree, and the cause has been remanded to the district court, we do not say. The reason for the rule limiting the conclusiveness of interlocutory decrees does not apply; i. e., that the decree still remains in gremio, since the District Court has no longer any power to modify so much as has been affirmed by the Circuit Court of Appeals. For the purposes of this motion, we may assume that, in so far as concerns the matters before the Circuit Court of Appeals, the issues have been finally and conclusively determined.

[1] Nor, again, do we consider how far the effect of that decree may be to entitle the plaintiff to an injunction against the defendant against selling any of the toys or manuals which it may buy from Wagner. This is a question which will arise upon the appeal from the injunction pendente lite, and need not depend in any sense upon the estoppel of the defendant by that decree. It might, for example, be held under an extension of the doctrine of Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, that the purchase of toys and

manuals from Wagner, which he had been enjoined from selling, if not in actual contempt of that decree, was at least in derogation of the plaintiff's rights established thereby, and thus a tort against it, regardless of the defendant's personal right to sell toys and manuals, if bought from others, or to manufacture them itself and sell them without the co-operation of Wagner. What we have before us is whether, conceding all this, the plaintiff has established, or can establish, in the Ohio suit, any estoppel which will generally conclude the defendant upon all the issues raised between itself and the plaintiff by the pleadings in this suit.

We think it clear that that decree cannot have any such effect, and Judge Ray so ruled in Van Epps v. International, etc., Co. (C. C.) 124 Fed. 542. The cases which generally come up are those in which in the first suit the manufacturer has intervened to protect the customer, and it has been held that the decree then entered will be a good estoppel in the second suit instituted against him individually. We may assume that Wagner's intervention here is of such a kind as would create a good estoppel against him in any subsequent case. The case at bar, however, is exactly the reverse, and, unless all the issues are the same in each case, we should not dispose of the suit in this summary manner. It is apparent that some of the issues are different from those litigated in Ohio; they involve, not only the defendant's right to sell Wagner's toys and manuals, but any others which it may procure elsewhere. We have no right to assume, because the defendant allows Wagner to have the chief conduct of the defense, that it has abandoned all rights, except that of getting the toys and manuals from him. While we do not hold that the decree is an estoppel, taken strictly, even as to those toys and manuals, we may even suppose that, Wagner having now intervened, it is such. Still it would make no difference in the result of this motion, unless the issues here litigated were coextensive with the issues litigated in the Ohio suit.

[2] At best the rule in Mast, Foos & Co. v. Stover Mfg. Co., supra, is limited to those cases in which the court can see that the whole issues can be disposed of at once without injustice to the parties. Whatever may be the result here, it is apparent that the case involves more than can be so decided.

The motion is denied.