## THOMSON-HOUSTON ELECTRIC CO. v. JEFFREY MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. March 15, 1900.)

### No. 710.

PATENTS—PRIOR PATENT FOR SAME INVENTION—TROLLEY RAILWAYS.

    The Van Depoele patent, No. 495,443, for a traveling contact for electric railways, is rendered invalid by patent No. 424,695, previously issued to the same inventor for precisely the same devices, the only difference being that the earlier patent states an additional function to be performed by one of the elements.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

Frederic H. Betts, for appellant.
John R. Bennett and H. H. Bliss, for appellee.

Before TAFT, LURTON, and DAY, Circuit Judges.

TAFT, Circuit Judge. This is an appeal from a decree dismissing a bill to enjoin the infringement of claims 2, 4, 8, 12, and 16 of patent No. 495,443, issued to Charles J. Van Depoele for improvements in suspended switches and traveling contacts for electric railways. The sole question in the case is whether the patent sued on is rendered invalid by patent No. 424,695, issued to the same inventor, for improvements in the same art. The question was stated by this court in Thomson-Houston Electric Co. v. Ohio Brass Co., 26 C. C. A. 107, 80 Fed. 712, but was not decided. We there said:

"We come now to the question whether patent No. 495,443 is rendered void by the prior issue of patent No. 424,695. This presents much more difficulty than the question just disposed of. In this case, the drawings and specifications of the two patents are substantially alike, and show a car, a track, a post on top of the car, a swinging and hinged arm pivoted in the post with a contact wheel at its outer end. A spring is secured to the lower end of the swinging arm, and to the spring is attached a weight, which works in suitable vertical grooves down through the roof to the front platform within reach of the driver. The spring and weight maintain the contact of the outer end of the swinging arm with the overhead conductor. Switches in the overhead conductor are maintained immediately over the point in the track where track

switches occur. The trolley post and arm are in such positions and of such size that the point of contact of the outer end of the arm and the overhead conductor is back of the front wheels of the car. This is for the purpose of imparting to the trolley wheel as it enters the switch in the overhead conductor the direction already taken by the front wheels of the car in entering the switches upon the track. The spring and weight working in vertical grooves are intended to keep the trolley arm in the vertical plane of the longitudinal center of the car, and thus to make its contact wheel more certain to follow in the overhead switch the direction of the car as it turns into a track switch. It is shown by the evidence that the inventor first used in his combination a spring attached to the top of the car to secure contact, and then a spring attached to the foot of the trolley post, and finally the spring and weight arrangement shown in the drawings of the patents. The claims of the second patent in question are for the broad claims of a combination, in an electric railway, of a car, a track, and overhead conductor, a post and swinging hinged arm on the car, and a tension spring for maintaining contact between the arm and the conductor; and the language of the specifications shows that it was the intention of the inventor to make this cover the generic invention. The claims of the first patent that embrace the whole combination include the weight as part of the means for maintaining upward pressure of the arm against the conductor. There are five claims of the first patent that cover the whole combination, and include a spring or weight to perform the function of keeping the trolley arm in the center line of the car. Now, this same spring and weight in the drawings discharge the function of maintaining the upward pressure of the swinging arm. The contention of the counsel for the complainant is that the first patent was a patent for the special and improved form of the invention including the spring and weight, with their upward pressure and centralizing tendency, and that the second patent, though using the same drawings and specifications, shows by the language of the latter and its claims that it was intended to cover, and did cover, a combination with a spring without a weight in such a position that it need only discharge the function of maintaining the upward pressure of the arm without the centralizing tendency, and that the modification of the drawings and specifications to show such a tension spring is only the work of a skilled mechanic. To the objection that the last five claims of the earlier patent are exactly the same as the broad claims of the later patent, with the mere statement of a necessary centralizing function of the same spring always present in it, it is answered that the second patent was intended to cover springs that had no centralizing tendency, and that the use of the function in describing the spring, therefore, is a limitation of the claim showing it to be a special form of spring. It is argued, therefore, that as the claims of the first patent do not cover any of the broad claims of the second patent, based on a simpler combination of parts than that shown in the drawings, the second patent may be held to be a separate generic invention, while the earlier patent is merely for improved forms of the same invention entitled to a separate patent. We think the case on these two patents much nearer Miller v. Manufacturing Co., 14 Sup. Ct. 310, 38 L. Ed. 121, than the case on the two patents already considered, but we are unwilling, upon an appeal from a preliminary injunction heard upon affidavits, and without a full review of the art, and without a fuller argument, and closer consideration of the claim and specifications, to decide the question mooted. The questions are whether, in determining the separability of the inventions, we may consult evidence dehors the record, and whether, in considering the gist of the second patent, we may supply such variations in the form of the combination shown in the drawings and specifications suggested by mere mechanical skill as would make it one not covered by the first patent, but a simpler and more generic form, and whether the claims of the second patent are limited to the devices actually shown by the words 'substantially as described.' "

These questions are now presented on the merits and on pleadings and proof. It seems clear to us, after careful consideration, that the principles announced in Miller v. Manufacturing Co. require us to hold that the patent here in suit is void. The devices

shown in the earlier and later patents are exactly the same. The specifications are in every material respect the same. The combination claimed in the eighth claim in suit is generic (so called). It consists of a car, a conductor suspended above the line of travel of the car, an arm pivotally supported on top of the car and provided at its outer end with a contact engaging the underside of the suspended conductor, and a tension spring at or near the inner end of the arm for maintaining said upward pressure contact, substantially as described. The combination claimed in the thirty-third claim of the earlier patent is of an overhead conductor and a vehicle, an intermediate contact device, consisting of an upwardly pressed trailing arm having a ground contact wheel at its outer end, by which it is guided by the conductor, the said arm being free to swing laterally relatively to the vehicle, but tending to remain in its normal central position by means of a spring or weight. His two claims refer to exactly the same device. They describe the same elements. The second differs from the first only in describing a function of the device not referred to in the first. It is true that one might, perhaps, modify the device so that the normal centralizing tendency of the spring or weight would be absent, but no such change is suggested in the specifications. The arrangement of the spring and weight in the device in such a way as to produce the normal centralizing effect is not shown as an improvement on a simpler form. It is present in the only patented device as disclosed by the specifications in both patents. The device patented in the first patent is the same as that in the second. The same elements are claimed in combination in the first as the second. A difference in statement of their functions cannot and does not make them different claims or different combinations. The court of appeals of the Second circuit has reached the same conclusion in the case of Thomson-Houston Electric Co. v. Hoosick Ry. Co., 27 C. C. A. 419, 82 Fed. 461. The decree of the circuit court is affirmed.