THOMSON–HOUSTON ELECTRIC CO. v. INTERNATIONAL TROLLEY CONTROLLER CO.

(Circuit Court, W. D. New York. May 8, 1905.)

No. 249.

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    Where the validity of a reissue patent has been adjudged by the Circuit Court of Appeals, a defense of laches in applying for the reissue, set up by a defendant in a subsequent suit for its infringement, is not sufficient ground for refusing a preliminary injunction, where infringement is not denied.

2. SAME—TRAVELING CONTACT FOR ELECTRIC RAILWAYS.
    A preliminary injunction granted, restraining infringement of the Van Depoele reissued patent, No. 11,872 (original No. 495,443), for a traveling contact for electric railways on a prior decision sustaining its validity.

In Equity. Suit for infringement of reissued letters patent No. 11,872 (original No. 495,443), for a traveling contact for electric railways, granted to Charles J. Van Depoele November 13, 1900. On motion for preliminary injunction.

Betts, Betts, Sheffield & Betts, for complainant.
Howard P. Denison, for defendant.

HAZEL, District Judge. The propositions relating to the proper construction of the claims of the earlier patent, together with the validity of the reissue, have recently been fully and finally decided by the Circuit Court of Appeals for this Circuit in Thomson-Houston Electric Company v. Black River Traction Company, 135 Fed. 759, 68 C. C. A. 461, and this court, of course, is bound by that decision. Hence it is entirely needless to again construe the claims, or to determine the validity of the reissue patent or narrate its history or that of the litigations in which the generic patent was for a number of years involved. Nor is it useful to dwell upon the grounds leading to the decision holding the reissue valid. The single point, infringement not being disputed, upon which stress is laid is the question of laches. Defendant contends that the reissue patent was granted by the Patent Office seven years and six months after the original patent, and therefore was not applied for within a reasonable time after the discovery of the mistake upon which the reissue was based. Assuming the defense of laches well pleaded and maintainable, which may be doubted where the question has been considered by the appellate

court (American Sulphite Pulp Co. v. Burgess Sulphite Co. et al. [C. C.] 103 Fed. 975), I am well satisfied that the peculiar circumstances which prompted the application for a correction of the earlier patent were such as to excuse any delay. The delay was not unreasonable, and certainly is explained by the usual course of litigation in which the original patent was involved.

An injunction pendente lite may issue.