THOMSON–HOUSTON ELECTRIC CO. v. STERLING–MEAKER CO.

(Circuit Court, D. New Jersey, October 10, 1905. Application for Preliminary Injunction, January 22, 1906.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where the validity of a patent has been sustained after protracted litigation, the only question open on motion for a preliminary injunction in a subsequent suit against another defendant is the question of infringement, unless evidence of invalidity is introduced of such conclusive character that, if introduced in the former case, it would probably have led to a different conclusion.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig Patents, §§ 487, 488.]

2. SAME—TRAVELING CONTACT FOR ELECTRIC RAILWAYS.

Infringement of the Van Depoele reissued patent, No. 11,872 (original No. 495,443), for a traveling contact for electric railways, *held* so doubtful on the showing made as not to warrant the granting of a preliminary injunction.

In Equity. Suit for infringement of reissued letters patent No. 11,872 (original No. 495,443) for a traveling contact for electric railways, issued to assignee of Charles J. Van Depoele November 13, 1900. On motion for preliminary injunction.

Betts, Betts, Sheffield & Betts, for complainant.
Stephen J. Cox and Howard P. Denison, for defendant.

LANNING, District Judge. The application is for a preliminary injunction to restrain the defendant from infringing reissued patent No. 11,872, granted to the complainant on November 13, 1900. The original of the reissued patent, being patent No. 495,443, granted April 11, 1893, was held, after protracted litigation in various courts, by the Circuit Court of Appeals of the Second Circuit, in Thomson-Houston Electric Co. v. Hoosick Ry. Co., 82 Fed. 461, 27 C. C. A. 419, to be invalid as to its claims 6, 7, 8, 12, and 16, and by the same court, in Thomson-Houston Electric Co. v. Union Ry. Co., 86 Fed. 636, 30 C. C. A. 313, to be invalid as to its claims 2 and 4. The same conclusion was reached in Thomson-Houston Electric Co. v. Jeffrey Mfg. Co., 101 Fed. 121, 41 C. C. A. 247, by the Circuit Court of Appeals of the Sixth Circuit. But the reissued patent was sustained by the Circuit Court of Appeals of the Second Circuit in Thomson-Houston Electric Co. v. Black River Traction Co., 135 Fed. 759, 68 C. C. A. 461. In Edison Electric Light Co. v. Beacon Vacuum Co. (C. C.) 54 Fed. 679, it was said:

"The general rule is that where the validity of a patent has been sustained by prior adjudication, and especially after a long, arduous, and expensive litigation, the only question open on motion for a preliminary injunction in a subsequent suit against another defendant is the question of infringement; the consideration of other defenses being postponed until final hearing [citing cases]. The only exception to this general rule seems to be where the new evidence is of such a conclusive character that, if it had been introduced in the former case, it probably would have led to a different conclusion. The burden is on the defendant to establish this, and every reasonable doubt must be resolved against him."

To the same effect are Electric Mfg. Co. v. Edison Electric Light Co., 61 Fed. 834, 10 C. C. A. 106, Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 489, 20 Sup. Ct. 708, 44 L. Ed. 856, and Beach v. Hobbs, (C. C.) 82 Fed. 916.

The attack made by the defendant in the present case upon the validity of complainant's reissued patent, based, as it is, on questions that were considered by the Circuit Court of Appeals of the Second Circuit in the Black River Traction Company's Case, cannot prevail on this application. Nor can the defendant, on this application at least, succeed in its defense of laches on the part of the complainant in securing the reissued patent. That defense was set up before Judge Hazel in the Circuit Court for the Western District of New York, as the record of this case shows, in Thomson-Houston Electric Co. v. International Trolley Controller Co., 141 Fed. 128, and on May 8, 1905, he rendered an opinion holding that there was no unreasonable delay in applying for the reissued patent.

The general rule should be observed on this application. The only open question is that of infringement. If, however, there be substantial doubt on that question, a preliminary injunction cannot be granted. The complainant's original patent No. 495,443, was held to have been anticipated by the earlier patent No. 424,695. The purpose of the reissued patent was so to modify the claims of the original patent that the claims of the reissued patent could not be held to be anticipated by patent No. 424,695. In the Black River Traction Company's Case it was held that the combination of the claims of the reissued patent comprise four elements only, viz., the overhead conductor, the car, the swinging arm, and the contact device. The tension device, which the court had found to be in the combination of the original patent, is declared to be omitted from the combination of the reissued patent. The defendant manufactures and sells a trolley base which includes a tension device. The complainant insists that this trolley base is adapted and intended to be used in the combination recited in the reissued patent. The defendant, on the other hand, contends that the trolley base constitutes no part of the combination recited in the reissued patent, but that it is an invention described in patent No. 539,681, granted May 21, 1895, to Alfred Green, and capable of being used with, but not in, or as a part of, the combination recited in the reissued patent. I am of the opinion that the decision of this disputed question should be reserved until the final hearing. The defendant's contention on this point is not so clearly erroneous as to warrant a preliminary injunction. In the International Trolley Controller Company's Case it appears that the defendant sold a trolley base and that Judge Hazel allowed a preliminary injunction. But he says that in that case infringement was not disputed. Here it is.

The application for preliminary injunction must be denied.

On Renewed Application for Preliminary Injunction.

On October 10th last an opinion in this case was filed denying the motion for a preliminary injunction upon the ground that the alleged infringement was so doubtful a question that its decision should be

reserved until the final hearing. Upon application of the complainant I have allowed a reargument of the motion. After a careful reconsideration of the case, and especially of the construction given to the complainant's reissued patent by the Circuit Court of Appeals of the Second Circuit in Thomson-Houston Electric Company v. Black River Traction Company, 135 Fed. 759, 68 C. C. A. 461, I have again reached the conclusion that a preliminary injunction ought not to be issued. The merits of the case must be disposed of on final hearing.