THOMSON–HOUSTON ELECTRIC CO. v. HOLLAND et al.

(Circuit Court, N. D. Ohio, E. D.    February 20, 1906.)

No. 7,022.

1. COURTS—PREVIOUS DECISIONS AS PRECEDENTS.

The decision of a Circuit Court of Appeals sustaining the validity of a patent, especially where such court has had the same or related patents before it in a number of cases, should be followed by a Circuit Court in another circuit where there are no conflicting decisions.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 327, 328.]

2. PATENTS—INFRINGEMENT—TRAVELING CONTACT FOR ELECTRIC RAILWAYS.

The Van Depoele reissued patent, No. 11,872 (original No. 495,443), for a traveling contact for electric railways, *held* valid and infringed.

3. SAME—INJUNCTION—SCOPE.

An injunction against infringement of a patent should not be made so broad as to prevent the defendant from making and selling a device which it had added to that of the patent and designed to be used with it.

Betts, Sheffield & Betts and Squire, Sanders & Dempsey, for complainant.

Thurston & Woodward, for defendants.

TAYLER, District Judge. This is a bill filed by the complainant, based on the Van Depoele reissue letters patent No. 11,872 (original No. 495,443) for "a traveling contact for electric railways," charging infringement of the patent referred to, and seeking to enjoin the defendants from making, using, selling, etc., any devices, apparatus, trolleys, tr... s, or trolley-stands, containing, embodying, or employi... ns and improvements covered by reissued letters pate... or the substantial or material parts of the same, etc., ...ounting.

No serio... made as to the infringement, taking the device of the ... a whole; but a primary and secondary question arises, ... .) Whether the reissued patent is valid; and (2) if it is, ... injunction allowed should be so modified as to permit t... to supply, as an addition to the device of the complai... otating parts which, without displacing the vertical piv... plainant's device, will permit further and freer move... lley-arm through a lateral arc.

The or... o. 495,443, has been many times before the courts ... tory of the litigation respecting it is necessary in or... a determination of the rights of the parties in this pa... rsy.

Prior to ... f the Supreme Court, in Miller v. Manufacturing C... J. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121, this patent, ... was invariably sustained when its validity was attacked in the courts. In that case, the court held as follows:

"No patent can issue for an invention actually covered by a former patent, especially to the same patentee, although the terms of the claims may differ. The second patent, although containing a broader claim, more generical in

its character than the specific claims contained in the prior patent, is also void. But where the second patent covers matter described in the prior patent, essentially distinct and separable from the invention covered thereby and claims made thereunder, its validity may be sustained."

The Circuit Court of Appeals for the Second Circuit, in the case of Thomson-Houston Electric Co. v. Union Railway Company, 86 Fed. 636, 30 C. C. A. 313, held that this Van Depoele patent, No. 495,443, for a traveling contact for electric railways, must be construed, as to claims 2 and 4, as including, by implication, means for retaining the contact device and the conductor in their normal relations, and, so construed, is void as being for the same invention as that covered by letters patent No. 424,695 to the same inventor.

To the same effect is the case of Thomson-Houston Electric Company v. Jeffrey Mfg. Co., 101 Fed. 121, 41 C. C. A. 247, decided by the Circuit Court of Appeals for the Sixth Circuit. The proposition of the syllabus in that case is as follows:

"The Van Depoele patent, No. 495,443, for a traveling contact for electric railways, is rendered invalid by patent No. 424,695, previously issued to the same inventor for precisely the same devices; the only difference being that the earlier patent states an additional function to be performed by one of the elements."

This decision was rendered March 15, 1900. The decision in the Union Railway Company Case was rendered in 1898.

Referring to claims 2 and 4, and the other claims of patent No. 495,443, and the analogous claims of patent No. 424,695, the court, in deciding the Jeffrey Mfg. Co. Case, say: "The specifications are, in every material respect, the same." A similar decision was reached by the Circuit Court of Appeals for the Second Circuit, in the case of Thomson-Houston Electric Co. v. Hoosick Railway Co., 82 Fed. 461, 27 C. C. A. 419, respecting claims 6, 7, 8, 12, and 16 of the original patent; but it is not necessary to refer in detail to that opinion.

To avoid the effect of these decisions, the patentee, September 28, 1900, applied for, and, later, was granted, this reissue, No. 11,872, on a new specification, which expressly disclaimed the element whose inclusion, by implication, in No. 424,695, had rendered the second patent (No. 495,443) invalid.

The claims made in the reissued patent are as follows:

"(1) In an electric railway, the combination of a car, an overhead conductor above the car, an upwardly extending and laterally swinging arm mounted on the roof of the car, and carrying a contact device at its free end, and making underneath contact with the conductor, substantially as described.

"(2) In an electric railway, the combination of a car, an electric overhead conductor above the car and parallel with the line of travel, an upwardly extending trailing arm carrying a contact device at its free end, adapted to make underneath contact with the conductor, said arm being supported on the car on vertical and transverse axes, so as to permit said contact device to follow the position of the conductor, notwithstanding the great variations of height and of lateral displacement thereof, substantially as described."

The following disclaimer is contained in the specifications:

"The combination with the contact carrying arm of a weighted spring, or of a weight and spring, as the special means for holding the contact arm pressed upward, and enabling the motorman to lower the contact wheel, are not claimed herein, because this special improvement has been claimed already in the patent No. 424,695, dated April 1, 1890, which was issued as a division of this application. Nor is there claimed herein the so arranging of the weight or spring (as by causing it to work through suitable grooves or rollers arranged in the car roof) as to tend to cause the arm to assume a normal central position, or one parallel with the longitudinal center of the car, as that has also been claimed already in the said divisional patent No. 424,695, being an arrangement which is of especial value only in connection with the switches to which said divisional patent more particularly relates. In the present application no special form or arrangement of tension device is essential to or a part of the invention claimed."

We thus find that, prior to this reissue, the Circuit Courts of Appeals for the Second and Sixth Circuits had held that the claims made in patent No. 495,443, which are substantially the same as the two claims made in the reissued patent under consideration, were void because covered by patent No. 424,695, granted April 1, 1890; and the question now before the court is as to whether the subsequent proceedings, resulting in the reissued patent under consideration, are effective to make the claims in the reissued patent valid.

We are not without judicial information and authority in relation to this question. In the case of Thomson-Houston Electric Co. v. Black River Traction Co., 124 Fed. 495, the Circuit Court for the Northern District of New York, in a decision by Judge Ray, August 12, 1903, explicitly held this reissued patent No. 11,872 (original No. 495,443) to be void, for the same reason as the original was void, because such swinging arm was fully described and claimed in patent No. 424,695, to the same inventor, as an essential part of the combination of the patent; and that the invalidity of the original patent, declared in a number of decisions, was not because it was rendered inoperative because of defective or insufficient specifications, or for any other reason which could be obviated by a reissue. A very elaborate and instructive opinion was delivered by Judge Ray, in support of the proposition laid down above. This case was appealed to the Circuit Court of Appeals, and is reported in 135 Fed. 759, 68 C. C. A. 461. It was heard before Wallace, Circuit Judge, and Wheeler and Hazel, District Judges. Judge Wallace had sat in both the Hoosick Railway Company Case and the Union Railway Company Case. The decision of the lower court was reversed. The reissue patent, No. 11,872, was held valid; that it covered a novel and useful combination, disclosed invention, and was infringed. The opinion in this case was written by Judge Wallace, and reference is made in it to the former decision of the court in the Union Railway Company Case, and to the Jeffrey Mfg. Co. Case in the Sixth Circuit Court of Appeals; and the court held that, notwithstanding the invalidity of the original patent, on the ground that the invention had previously been described and claimed in patent No. 424,695 to the same inventor, the reissued patent in controversy was valid. I quote, as follows, from the opinion:

"Where the claims of a patent were construed to include, by implication, an element not expressly claimed therein, but which was described and shown

in the specification and drawings, and, as so construed, held anticipated, and, to avoid the effect of such decisions, the patentee applied for and was granted a reissue on a new specification, which expressly disclaimed such element, it should not be read into the claims of the new patent, although they are in terms substantially like those of the old; but the courts should, if possible, adopt the construction placed on them by the patentee and the Patent Office giving effect to the disclaimer."

And this, also, is held in that case:

"A patentee of a combination may also obtain a patent on a divisional application for a subcombination of some of the same elements if new and useful in itself, or in connection with previously known means or devices necessary to make the whole an operative machine or structure. Even though the changes in description in the specification of a reissued patent are not material, and the claims are identical with some of those of the original patent, such facts do not impeach their validity."

We therefore have a situation wherein the Circuit Court of Appeals, which has had the question of the validity of this patent before it many times, and held, as the Circuit Court of Appeals for the Sixth Circuit has held, that original patent No. 495,443 was invalid, has, by its latest decision, held the reissued patent valid because of the form of the claims and disclaimers made in the application for the reissued patent. The Circuit Court of Appeals for the Second Circuit does not indicate, in any way, in its opinion in this last case, that it was qualifying its former conclusion; that it had come to a determination inconsistent with its former holdings; or that there is any contradiction between its later holding and the decision of the Circuit Court of Appeals for this circuit in the Jeffrey Mfg. Co. Case. Certainly, the decisions in the Hoosick Railway Company Case and the Union Railway Company Case are as explicit and unqualified as the decision of our Circuit Court of Appeals in the Jeffrey Mfg. Co. Case; and, unless some manifest error appears in the decision in the Black River Traction Case, there would seem to be no reason why we ought not to conclude that the Circuit Court of Appeals for this circuit would come to the same conclusion on this new state of facts.

A just regard for the comity that should exist between a Circuit Court in one circuit, and a Circuit Court of Appeals in another circuit, under these conditions, would at least suggest, if not require, that this court should follow the decision of the Circuit Court of Appeals for the Second Circuit. And this spirit of comity is emphasized, if not controlling, in view of the fact that the court which passed upon the question in the Black River Case has so often, and so thoroughly, considered this patent in all of its phases.

In the Circuit Court of Appeals for the First Circuit, in Beach v. Hobbs, 92 Fed. 146, 34 C. C. A. 248, it was held that, as a general rule, and especially in patent cases, for the purpose of according to a patent the same recognition throughout the country, as contemplated by law, the decision of a Circuit Court of Appeals of another circuit should be followed with respect to the issues determined, if based on substantially the same state of facts.

In the case of Fairfield Floral Co. v. Bradbury (C. C.) 87 Fed. 415, which is not a patent case, and therefore a case in which the rule of

comity is not as necessary of application, Circuit Judge Putnam, sitting in Circuit Court, says, on page 417:

"If I were free to follow my own judgment, I should say that Congress, neither directly, nor through the Postmaster General or any one else, has any constitutional authority to impose the penalty of forfeiture of the use of the mails of the United States, at least without a trial. But I am not sure that I will be able to follow my own convictions in this case, even if on a final hearing they remain as they now stand. I am not sure that I will not be bound by the decision of the Court of Appeals in the Sixth Circuit (Association v. Zumstein, 67 Fed. 1000, 15 C. C. A. 153), when the case comes to a final hearing. My own view is that the decisions of the Court of Appeals in one circuit should ordinarily be followed quite implicitly by the courts in other circuits. The case in the Sixth Circuit does not seem to have been taken to the Supreme Court. I cannot find anything to indicate that it was taken up by writ of error or otherwise, and it seems to have been left on the decision of the Court of Appeals; so that it stands to-day the highest judicial authority which we have on the validity of the statute."

I am therefore constrained to follow the decision of the Circuit Court of Appeals for the Second Circuit, and hold the reissued patent valid, and that it is infringed by the defendants.

As to the second question, I see no reason why the injunction, which ought to be allowed in this case, should not be so qualified as to permit the defendants to sell the portion of their trolley-base which, attached to the complainant's trolley-base, may make freer the lateral movement· of the trolley-arm; and this, notwithstanding the fact that the addition of such a member to the complainant's device may exhibit a superiority, for the purpose designed, over that portion of the complainant's device which is designed to permit the trolley-pole to freely move in a lateral direction.

Its use requires the use of complainant's device; and the complainant is not therefore prejudiced, if the purchaser of its device obtains another device which he may think adds to the efficiency of the original purchase. One might as well say that the user of complainant's trolley-base could not lubricate the vertical pivot in order to increase the freedom of movement upon it.

An order may therefore be drawn allowing a preliminary injunction, with the modification suggested above.