ELECTRIC GASLIGHTING CO. et al. v. FULLER et al.

(Circuit Court of Appeals, First Circuit. January 9, 1894.)

No. 73.

1. PATENTS—INFRINGEMENT—MECHANICAL DETAILS.
    A patent which is limited, both by its language and the prior art, to mere mechanical details, is not infringed by a device which, comparing mechanical details with mechanical details, shows a different result, and methods substantially unlike.
2. SAME—LIMITATION OF CLAIM.
    The Tirrell patent, No. 232,661, for an electric gaslighting apparatus, is restricted, in its first claim, to mere mechanical details. 55 Fed. 64, affirmed. Gordon v. Warder, 14 Sup. Ct. 32, 150 U. S. 47, and Knapp v. Morss, 14 Sup. Ct. 81, 150 U. S. 221, applied.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

In Equity. Bill by the Electric Gaslighting Company and Abraham L. Bogart against Charles E. Fuller and others, copartners as Fuller, Holtzer & Co., for infringement of certain patents for electric gaslighting apparatus. Bill dismissed. 55 Fed. 64. Complainants appeal. Affirmed.

Edward P. Payson and Edwin H. Brown, for appellants.
Frederick P. Fish and William K. Richardson, for appellees.

Before COLT and PUTNAM, Circuit JUDGES, and NELSON, District Judge.

PUTNAM, Circuit Judge. The bill covered a patent issued to Abraham L. Bogart, August 8, 1876, No. 180,832; but no issue seems to be taken upon this, and the bill should be dismissed, so far as that patent is concerned. The controversy relates wholly to the first claim of the patent issued to Jacob P. Tirrell, No. 232,661, September 28, 1880, on an application filed January 8, 1877.

The appellants maintain that, inasmuch as the court below ordered the bill dismissed because of a certain patent of Heyl and Deihl, there is no occasion here to discuss any other defense; but, even if that had been the substance of the decision of that court,

this proposition of the appellants is so clearly erroneous that it does not require discussion.

Tirrell devised something meritorious and novel, although soon superseded, and although it may be doubtful whether it contained anything which the law makes patentable. There can be no doubt that the two principal things involved in Tirrell's patent were old in the state of the art at the date of his invention; that is—First, lighting illuminating gas with an electric spark; and, second, the simultaneous turning out of the gas. William A. Pitt's patent, No. 139,811, issued June 10, 1873, on an application filed February 5, 1873, covered all this.

The appellants, in analyzing their patent, claim, so far as this is concerned, only two new elements: First, the two-armed lever attached to the gas cock, which we take to be the bell-crank lever; and, second, the "actuating device," which is whatever interposes between the two-armed lever and the hand. Pitt's device stopped with the ordinary gas cock, and did not contain Tirrell's mechanism, by which the movement could be actuated by a chain or guard hanging from a chandelier or other light beyond ordinary reach. Yet, in view of the state of the art, Tirrell's patent must be limited to mere mechanical details; and although the device of the respondents below accomplishes, in part, the same result as Tirrell's did, and this with a "bell-crank lever," yet, comparing mechanical details with mechanical details, the result is different in law, and the methods substantially unlike.

This view is confirmed by the fact that Tirrell's specifications state that his invention "consists in certain details of construction" thereinafter "more fully set forth and pointed out in the claims." No part of these words appear in the original application of January 8, 1877, but the following, of like effect, did appear there, namely:

"My invention relates especially to that class of gaslights in which the gas is ignited by electricity, and consists in a novel construction and arrangement of the parts, as hereinafter more fully set out and claimed, by which a simpler, cheaper, and more effective device of this character is produced than is now in ordinary use."

Such terms as are found in the latter part of this expression relate, ordinarily, to mere detailed construction. The sentence quoted from the patent itself came in under the following circumstances: Tirrell having amended his claim August 7, 1880, he was notified by the patent office that, upon amending the statement of his invention to harmonize with the claim as then presented, the application would probably receive favorable action, but that, as it then stood, it was rejected. Thereupon Tirrell amended by striking out, and inserting the later phraseology cited.

On the whole, under the circumstances under which this amendment was made, supported also, as it is, by the state of the art as shown by both Pitt's patent and that of Heyl and Deihl, the following expressions in Knapp v. Morss, 150 U. S. 221, 14 Sup. Ct. 81, and also in Gordon v. Warder, 150 U. S. 47, 14 Sup. Ct. 32, have very appropriate application. In Knapp v. Morss, the court said, pages 228 and 229, 150 U. S., and page 84, 14 Sup. Ct.:

"If, however, the patent could be sustained at all, it would have to be restricted and confined to the specific combination described in the second claim, as indicated by the letters of reference in the drawings, and each element specifically pointed out is an essential part thereof; * * * for, if not so restricted by the letters of reference, the effect would be to make the claim coextensive with what was rejected in the patent office. If any validity could be conceded to the patent, the limitation and restriction which would have to be placed upon it by the action of the patent office, and, in view of the prior art, would narrow the claim, or confine it, to the specific structure therein described; and, as thus narrowed, there could be no infringement on the part of appellants if a single element of the patentee's combination is left out of the appellants' device."

In Gordon v. Warder, the court said:

"We do not regard the patent of Watson, Renwick, and Watson, dated May 13, 1851, as an anticipation of Gordon, although the specification in that case did contain a paragraph stating that it might be advantageous, in some cases, to make the binder adjustable in respect to the cutting apparatus. No means were there provided, or method pointed out, whereby such a desirable result could be obtained. Nor do we find, in the other patents put in evidence by the defendants, any such anticipation of the Gordon claim, as above defined, as to invalidate the grant made to Gordon on May 12, 1868, though such a state or condition of the art was brought about by these earlier patents as to require us to restrict the scope of the Gordon patent closely to the devices and methods claimed by him."

Looking at Tirrell's improvement in issue here from this point of view, it consists of mechanical details, accomplishing a useful result, but of a low order; and the mechanical details of respondents' devices are different, in the sense of the patent law, and accomplish a result also in a large part different, and cannot be held to infringe.

Decree of circuit court affirmed.