## BACKSTAY MACHINE & LEATHER CO. v. HAMILTON (two cases). *

### (Circuit Court of Appeals, First Circuit. January 6, 1920.)

### Nos. 1423, 1424.

1. PATENTS ☜324(5)—ENTIRE PRIOR ART CONSIDERED ON APPEAL IN DETERMIN-ING VALIDITY, REGARDLESS OF CLAIM IN LOWER COURT.
    Although appellant assigned as error that the court below erred in hold-ing the patent in suit anticipated by a particular patent, and lower court stated that no device, except that particular patent embodied plaintiff's device, nevertheless the court on appeal will consider the entire prior art as disclosed by the whole record.

2. PATENTS ☜328—INVENTION FOR FINISHING WELT ANTICIPATED.
    Patent No. 1,226,600, claims 1, 2, 5, and 6, of May 15, 1915, for a finish-ing welt, held invalid, because anticipated.

3. PATENTS ☜328—INVENTION FOR FINISHING WELT HELD INVALID.
    Patent No. 1,226,600, claims 3 and 4, of May 15, 1917, for a finishing welt, is invalid, because for a combination of the article claimed to have been invented with some other article which the inventor does not describe.

4. PATENTS ☜328—DESIGN FOR MOLDING OR WELT VOID FOR LACK OF INVEN-TION.
    Patent No. 51,804, for a design for a molding or welt, held void for lack of invention.

Appeals from the District Court of the United States for the District of Massachusetts; George H. Bingham, Judge.

Two patent infringement suits by the Backstay Machine & Leather Company against Helen Wade Hamilton. Decrees for defendant, and plaintiff appeals. Affirmed.

William E. Dyre, of Washington, D. C. (Henry D. Williams, of New York City, and George K. Woodworth, of Boston, Mass., on the brief), for appellant.

W. Orison Underwood, of Boston, Mass., for appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and AL-DRICH, District Judge.

JOHNSON, Circuit Judge. These were appeals from the final de-crees of the District Court of Massachusetts in two patent cases. In one the plaintiff alleged infringement of patent No. 1,226,600, issued May 15, 1917, for a finishing welt, hereinafter referred to as the ar-ticle patent; and in the other infringement of patent No. 51,804,

issued February 19, 1918, to Robert C. Schemmel, for a "design for a molding or welt," hereinafter referred to as the design patent.

There were six claims in the article patent, all of which were in issue. Under claims 1, 2, 5, and 6 a patent was claimed for a welt or molding constructed so that two longitudinal, parallel beads superimposed close together upon a base could be separated, the base between them nailed, stitched or otherwise sewed, to any article to cover rough joints, and then the beads, because of their resiliency, made to assume their former positions, thus hiding the tacks, stitches or other securing means.

In his application the patentee thus described his invention:

"My present invention pertains to the finishing of leather and analogous work as used on vehicles and in other connections; and it contemplates the provision of a finishing welt constructed and arranged with a view to being readily nailed, stitched or otherwise attached to the article by which it is carried in such manner that subsequently to the nailing, stitching or other attachment, the welt can be made to assume or assumes of itself such a state that the attaching means will be entirely hidden from view and the finished appearance of the work as a whole will be enhanced."

Claim 1 of the patent is as follows:

"As a new article of manufacture, a welt comprising a body, and longitudinal parallel beads superimposed on and connected with the body, the body being constructed and arranged to permit of the beads being spread apart and subsequently resuming their normal close-together positions, for the purpose set forth."

Claims 2, 5, and 6 were substantially like claim 1.

Claims 3 and 4 were for a combination of an article, without describing any particular article, and the welt described in claim 1 and "attaching means" by which the welt could be attached to the article.

The court below found claims 1, 2, 5, and 6 void for lack of invention and anticipated, and claims 3 and 4 invalid. The reason for the finding of the court in regard to the latter claims was stated as follows:

"It does not seem to me that the third and fourth claims are valid; the invention, if any, resides in the welt and cannot be held to extend to and include any and every article to which the welt may be attached."

The design patent was for "the ornamental design for a molding or welt as shown," the one "shown" being that described in the article patent. This was found void for lack of invention.

The errors assigned in the suit upon the article patent are:

"(1) The court erred in holding claims 1, 2, 5, and 6 void for lack of invention over patent No. 221,801, issued November 18, 1879, to A. B. Felt.

"(2) The court erred in holding claims 3 and 4 void for the reason that the invention, if any, resides in the welt, and cannot be held to extend to and include any and every article to which the welt may be attached."

"(5) The court erred in dismissing the bill of complaint, with costs to the defendant."

The other errors assigned were that the court erred in finding that the claims of the patent in suit were not infringed.

In the suit upon the design patent the errors assigned were:

"(1) The court erred in holding the patent in suit void for lack of invention over the prior art offered in evidence by the defendant."

"(4) The court erred in dismissing the bill of complaint, with costs to the defendant."

Errors 2 and 3, not given, related to infringement.

[1] The appellee contends that the validity of the article patent is not open on appeal, because the appellant, in his assignment of errors, has set out as error, not the decision, but the reason of the court, given in his opinion, for finding that claims 1, 2, 5, and 6 are void for lack of invention.

It is true that the learned judge sitting in the District Court states in his opinion:

"Moldings or welts of the character here under consideration pertain to the art of upholstering. Concealed tack moldings are old, and have been made in various forms; but none of the devices that have been called to my attention, with a single exception, have embodied the characteristics of the plaintiff's device. The exception to which I refer is the product of a machine upon which a patent was granted to Alvin B. Felt, November 18, 1879, in United States letters patent No. 221,801."

While the appellant has alleged that the court below erred in holding that the patent in suit was anticipated by the patent to Felt, and although it was said by that court in its opinion that no other devices called to its attention "embodied the characteristics of the plaintiff's device," we think, upon appeal, we are not confined to a consideration of the patent to Felt only, but that we should consider the prior art as disclosed by the whole record. Electric Gaslighting Co. et al. v. Fuller et al., 59 Fed. 1003, 8 C. C. A. 442; Walker on Patents (5th Ed.) § 655; Brown v. Piper, 91 U. S. 37, 41, 23 L. Ed. 200; Slawson v. Grand Street R. R. Co., 107 U. S. 649, 652, 2 Sup. Ct. 663, 27 L. Ed. 576.

We find, upon referring to the opinion, that the court below took into consideration, in determining whether the patent in suit was anticipated, not only the patent to Felt, but also the fact that "concealed tack moldings are old and have been made in various forms." We are entirely satisfied with the conclusion reached and the reasons stated in the opinion, which we quote:

"In that patent (the patent to Felt) it states that the cording attachment for sewing machines for which he sought a patent related 'to the manufacture and application of corded strips to various articles or fabrics,' including 'trimmings for dresses, for cording seams of military trousers or the edges of cushions, and for other purposes.'

"The cording produced by this machine is shown in Defendant's Exhibit 23 and Plaintiff's Exhibit W. It discloses two parallel beads or cords superimposed upon a base and close together, only one of which is capable of being moved back from the other, and, on being released, resuming or tending to resume its normal or close position to the other bead or cord. To make this corded structure into a finished welt it would only be necessary to turn under and secure the edges of the base as shown in Plaintiff's Exhibit B introduced in evidence. This would involve nothing more than the use of mechanical

skill, and that not of a high order. Although in the article produced by the Felt machine only one of the cords is capable of being moved back in relation to the other, and on being released of resuming its normal position, while in the structure of the plaintiff's patent each cord is capable of being moved back and again resuming its normal position, this is due to the positioning of the cords or strips. The principle by which it is accomplished is the same in both, and is clearly shown in the Felt construction.

"The language of Judge Sanborn in considering a similar question in Warren Webster & Co. v. Dunham Co., 181 Fed. 836, 839, 104 C. C. A. 346, 349, seems to me applicable. He there said:

" 'Where a machine or a combination is discovered in a remote art, where it is used to perform a different function, and where it was not designed and was not apparently suitable to accomplish the thing desired, the application of it with proper mechanical adaptation to a new use is often the result of the exercise of the inventive faculty and may be protected by patent. But the thought that an existing machine or combination, discovered in the same art or one nearly analogous to it, designed and suitable to perform a similar function, may be used or adopted to accomplish the desideratum, is not the product of inventive genius, but the result of the application of the skill of the mechanic to the subject under consideration. It is only when the new use is so recondite and remote from that to which the old device and combination has been applied, or for which it was conceived, that its application would not occur to the mind of the ordinary mechanic skilled in the art, seeking to devise means to perform the desired function, with the old machine or combination before him, that its conception may rise to the dignity of invention.' "

[2, 3] We therefore think there was no error in finding that claims 1, 2, 5, and 6 of the article patent lacked invention, because anticipated by the patent to Felt, and by the prior art as disclosed by the record; nor do we find that there was any error in finding that the third and fourth claims were invalid. These claims are not for an article of manufacture, but for the combination of the article which the inventor claims to have invented with some other article which he does not describe, and we think the court correctly held that—

"The invention, if any, resides in the welt, and cannot be held to extend to and include any and every article to which the welt may be attached."

[4] In considering the design patent the court below said:

"The question presented, so far as the validity of the design patent is concerned, is whether the patentee in his article patent having conceived of a welt having a base with superimposed parallel beads or raised portions, mechanically constructed to function in a given manner, which may be of various shapes, and beads of some shape being essential to the functioning of the device, can be said to have exercised inventive thought of a character sufficient to warrant a design patent for a welt with beads or raised portions circular in cross section. It seems to me that to state the question is to answer it; that, having devised an article of manufacture with a base having parallel beads which may be of any suitable shape and beads of some shape being essential to constitute the article, it cannot be invention warranting a design patent to conclude that they should be round in cross section rather than some other suitable shape.

"Furthermore, the use of beads or raised portions, circular in cross section, in connection with moldings, whether superimposed upon a base or not, is of such long standing that I cannot on the evidence regard the use made of them by the patentee in his design as disclosing inventive thought. Tubular Rivet & Stud Co. v. Standard Finding Co., 231 Fed. 170, 173 [145 C. C. A. 358]. The conclusion reached renders it unnecessary to consider whether the design patent was an attempt at double patenting or not."

We see no occasion for disagreeing with the finding involved in this statement, or for adding anything to the reasoning by which it is sustained.

In each case—

The decree of the District Court is affirmed, with costs to the appellee in this court.