CONSOLIDATED RUBBER TIRE CO. et al. v. DIAMOND RUBBER CO.
OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. June 3, 1908. On Rehearing, June
17, 1908.)

No. 261.

1. COURTS—PRECEDENTS.
Where a Circuit Court of Appeals has sustained the validity of a patent after full consideration in a contested case, it is not required to re-examine the question de novo in a second case on the same evidence or additional evidence which is merely cumulative.

2. PATENTS—INVENTION—RUBBER TIRED WHEELS.
The Grant patent, No. 554,675, for a rubber tired wheel, was not anticipated, and discloses invention. Also, *held* infringed.

3. SAME—DECREE GRANTING INJUNCTION—LIMITATION OF INJUNCTION.
A decree enjoining infringement of a patent may properly provide that it shall not apply to a sale by defendant of articles made by the defendant in another suit brought by complainant in another circuit in which the patent was adjudged void; but the proviso will not be extended to cover other articles made in the latter circuit, where the question of such right is not directly involved under the evidence.

Appeal from the Circuit Court of the United States for the Southern District of New York.

A final decree of the Circuit Court, entered March 2, 1908, sustained the two claims of letters patent No. 554,675 to Arthur W. Grant for improvements in rubber tired wheels and ordering an injunction and an accounting. The patent was sustained by this court in an action by complainant against the Firestone Tire & Rubber Company; the decision being filed January 30, 1907. 151 Fed. 237. The opinion of this court upon appeal from the order granting a preliminary injunction in the present action is reported in 157 Fed. 677.

Charles K. Offield (C. C. Linthicum and Philip B. Adams, of counsel), for appellant.

Paul A. Staley, Border Bowman, Thomas W. Bakewell, and Charles W. Stapleton, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. This appeal is in the nature of a reargument of the questions decided in the Firestone Case. It is not here upon newly discovered evidence, for the additional testimony was as available in that case as in this. There is more testimony it is true but it is cumulative merely. The counsel are the same, the issues are the same. The judge of the Circuit Court correctly states the situation as follows:

"The question in this case was presented and tried out before Judge Platt and before the Circuit Court of Appeals; evidence was taken and experts examined. One side gave evidence that the wires would hold the tire firm and immovable, and the other side gave evidence that they would not. Now, in this case, you have called more experts giving the same kind of evidence, that the wires would not allow the tires to tip, but in my opinion that evidence is merely cumulative, and could not, in the nature of the case, present

any such different result that this court would be justified in not following the opinion of the Circuit Court of Appeals. Of course, if your defense was that this defendant does not infringe, that would be an entirely different question, but the only question argued here is as to the validity or invalidity of the patent.

"That question having been once tried out and a decision made, I do not see what right any other defendant had to go over the same evidence and call upon the court to go over it again, particularly when the decision of the Circuit Court of Appeals is controlling. In my opinion the only point in this case, that of the validity of the patent, has been decided by the Circuit Court of Appeals."

We think the judge was justified in so holding. If courts are to examine defenses in patent cases de novo, as often as they are presented, litigation will continue until the resources of the defendants or the patience of the complainant, and possibly the patience of the court, are exhausted. The question of the capacity of the tires to rise slightly and re-adjust themselves when subjected to severe lateral strain, was one of the principal questions litigated in the Firestone Case and, as we pointed out in our opinion, the tendency to do this was admitted by the defendant's expert. He says:

"There is no doubt that when lateral pressure is applied to one side of the exposed portion of the tire, there is a tendency to roll the tire out of the channel."

The tests made in that case convinced us that this tendency actually existed and that we were safe in assuming as established a proposition about which the experts on both sides agreed and the truth of which was demonstrated in open court.

The impossibility of proving or disproving in any satisfactory manner the existence of this tipping tendency by the observation of the vehicle in actual use or the examination of a worn out tire, will be admitted after a moment's reflection. The human eye cannot detect the movement of the tire when driven rapidly against a trolley rail or other obstruction at an angle of 45 degrees. So too a worn out tire with cuts and abrasions along its entire periphery may have the tipping capacity in question. The fact that tires have been produced in court which were rusted in the steel channel, is not important unless it be proved that they were subjected to severe lateral strain.

A tire used on asphalt pavements or on smooth park roads would probably remain in place if but one wire were used. We do not lose sight of the fact that the testimony shows that many of the tires from Chicago received rough usage but this testimony avails little in face of the experiment which showed us the bottom of the tire rolled up by lateral strain and re-seated the moment the strain was removed. This record presents nothing new which would warrant us in changing our former decision.

Another volume of 500 pages has been added to the library which has accumulated during the last ten years through the efforts of many defendants who seem determined to use what they, in effect, assert to be a useless device. The indomitable persistency with which these people have fought for the right to use the Grant tire is more persuasive evidence of its merits than the opinions of experts.

If the Willoughby, Latta and other tires are as good as Grant's why do not these defendants use them? The almost frantic efforts which have been made to use the Grant tires are inconsistent with the argument that they show no inventive genius and we are more and more convinced that we were right when we said that "no successful rubber tire can be made without embodying the distinguishing features of the Grant patent."

The decree is in the usual form, it restrains the defendant from any further infringement of the Grant patent and orders a reference to compute the profits and damages by reason of such infringement. Tires which do not infringe, the defendant is at liberty to sell. The presumption is that the complainants will not seek to prevent the defendant from doing a legal act and will not attempt to make it account for tires which it has a right to sell. Should such an attempt be made, it can be disposed of by the court upon facts then presented. Such questions frequently arise when the complainant attempts to compel an accounting for devices not passed upon by the court at final hearing.

When this cause was before the court upon an appeal from the order granting a preliminary injunction we recognized as proper the following clause in the order:

"Nothing in this injunctional order shall prevent, or is intended to prevent or enjoin the defendant from handling, using or selling rubber tires and rims covered by the Grant patent, * * * manufactured by the Goodyear Tire & Rubber Company having a right to manufacture, use and sell such tires under a judicial decree in a litigation in the federal courts in the district of Indiana heretofore pending between this complainant and such parties, wherein it has been judicially determined that said Grant patent is invalid and void."

We see no reason why this language should not be inserted in the decree and direct that it be amended accordingly. The amendment fully recognizes the applicability of the doctrine of Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, to the case at bar. Whether it should be given a broader interpretation is a question upon which we express no opinion, deeming it more prudent to wait until the facts are fully developed.

There is no occasion for attempting at this time to anticipate the future and to provide for a contingency which may not arise.

Having said what the defendant may not do, it is unnecessary and unwise to attempt, further than as above stated, the difficult task of telling what it may do.

The decision in Kessler v. Eldred, must, of course, be respected by the complainants and followed by the master. If doubt should arise whether it applies to a given state of facts the court can determine the right of the parties on learning what the facts are. It is safer to base decisions upon facts rather than upon conjecture. To provide in a decree that the defendant is not enjoined from making, using and selling devices which do not infringe or which have been licensed, seems unnecessary. The doctrine of Eldred and Kessler, if carried to the extent contended for by the defendant will introduce radical and far-reaching limitations upon the rights of patentees. These questions may not arise in the case at bar but if they should,

the court should have the facts, and all the facts, before attempting to decide them.

The decree is affirmed, with costs.

## On Rehearing.

PER CURIAM. The decree should be amended as requested in the petition by substituting for the clause quoted in our opinion the following:

"Nothing in this injunction shall prevent or is intended to prevent, or enjoin this defendant from handling, using and selling rubber tires and rims covered by the Grant patent, manufactured by the Goodyear Tire & Rubber Company, having a right to manufacture, use and sell such tires under a judicial decree in the federal courts of the Sixth circuit; or manufactured by the Kokomo Rubber Company, having a right to manufacture, use and sell such tires under a judicial decree in the district of Indiana, Seventh circuit; or manufactured by the Victor Rubber Tire Company, under a judicial decree in a litigation in the federal courts in the Sixth circuit, wherein in such litigations it has been judicially determined that the said Grant patent is invalid and void."

The mandate is stayed until August 1, 1908, with leave to apply to any member of the court for an extension of the stay on proof that a petition for a writ of certiorari has been duly filed.

The request that we direct that the printed records in the Goodyear, Kokomo, and Firestone Cases be sent to the Supreme Court as physical exhibits is denied. Although we see no objection to this course being taken, we do not feel at liberty to direct it, as it is for the Supreme Court to determine whether changes in the record shall be made. The application should therefore be made to that court or a justice thereof.