994

NATIONAL. FRUIT PRODUCTS CO., Inc.,
v. C. H. MUSSELMAN CO.
No. 1091.

District Court, M. D. Pennsylvania.
Nov. 23, 1934.

Melville Church, C. B. Des Jardins, and Halbert P. Brown, all of Washington, D. C., and John D. Keith, of Gettysburg, for plaintiff.

John McD. Sharpe, of Chambersburg, Pa. (Watson E. Coleman, Frederick S. Stitt, and Frederic B. Wright, all of Washington, D. C., of counsel), for defendant.

JOHNSON, District Judge.

The bill of complaint charges the defendant with infringement of letters patent No. 1,557,358, relating to a method of treating fruit for canning purposes. The plaintiff is assignee of the patent. The defendant admits infringement if the plaintiff has a valid patent, but contends that the patent is invalid.

Application for the patent in suit was filed on August 20, 1923, by the inventor, Eugene G. Grab, and letters patent No. 1,557,358 were issued on October 13, 1925. The patent in suit relates to a method for treating fruit for canning purposes, and the primary object thereof is to secure an improved quality of fruit in a solid pack. Briefly, the patented method consists of a method of placing the fruit in bulk into a retort, extracting the air and gases from the fruit by means of a vacuum, and then instantly applying and equally distributing steam thereto. It is to be noted that the fruit is not submerged in a liquid. The patent contains three claims of which two are in suit. The two claims in suit are as follows:

"1. A method of treating fruit or the like in bulk consisting in extracting air and gases therefrom and instantly applying and equally distributing steam thereto.

"2. A method of treating fruit or the like in bulk consisting in placing prepared fruit in a retort forming a vacuum therein to extract air and gases from the cells of the fruit and applying steam to the retort in a manner to equally distribute the same to the contents thereof to overcome the vacuum therein and cause the fruit to remain solid and firm."

On April 20, 1934, after the suit was commenced, the plaintiff filed a disclaimer, the effect of which was to limit the patent in suit to a method of treating apples.

Defendant filed a motion to dismiss the bill of complaint on the ground that the above disclaimer was an admission that the matter disclaimed was old in the art and that therefore the patent in suit is invalid. The defendant further contends that the patent is invalid because it is anticipated by the prior art; because the introductory portions of the claims, "A method of treating fruit or the like in bulk * * *," is the only suggestion of a distinction over the prior art and this introduction does not constitute a part of the process and therefore does not affect the patentability of the claims.

On the pleadings and evidence, the single question for determination is whether the patent in suit is valid.

The filing of a disclaimer is not an admission that the subject of the disclaimer appears in the prior art, and the patent therefore is not on that account invalid. Manhattan General Construction Co. v. Helios-Upton Co. (C. C.) 135 F. 785; N. O. Nelson Mfg. Co. v. F. E. Myers & Bro. Co. (C. C. A.) 29 F.(2d) 968; United Chromium, Inc., v. International Silver Co. (C. C. A.) 60 F.(2d) 913. The effect of delaying a disclaimer until after the commencement of the suit goes only to the recovery of costs. Sessions v. Romadka, 145 U. S. 29, 12 S. Ct. 799, 36 L. Ed. 609.

The combination and method of the claims at issue are not found in any prior art citations and are new and useful, and involve invention. The prior art contains all of the elements of the patent in suit, but the exact combination of treating apples in bulk in a retort by vacuum and then steam, without submerging the apples in a liquid, was unknown. It is this exact combination that produced the new and useful result that was long sought for—a solid pack of apples, superior and uniform in quality, conspicuously devoid of water, uniform and greater in weight, and better and more economical for baking purposes. "It is well settled that a new combination, every element of which is old, is patentable if it produces a new and useful result. * * *" Altoona Publix Theatres, Inc., v. American Tri-Ergon Corp. et al. (C. C. A. 3d Circuit) 72 F.(2d) 53, 55, opinion filed June 13, 1934. The defense of invalidity on the ground of the prior art is not sustained.

Defendant asks the court to ignore the introductory portion of the claims, "A method of treating fruit or the like in bulk * * *," because it does not constitute a part of the process and therefore does not affect the patentability of the claim. The phrase under consideration is more than merely an introductory phrase and is absolutely essential to point out the invention. Hall v. Shimadzu (Cust. & Pat. App.) 59 F.(2d) 225. It is part of the process, for without it the proposed results cannot be attained. The phrase therefore gives life, meaning, and vitality to the process. Schram Glass Mfg. Co. v. Homer Brooke Glass Co. (C. C. A.) 249 F. 228.

The defendant's claims of invalidity are not supported by the evidence and the law. It has not overcome the presumption of validity that exists by the grant of the patent. Coffin v. Ogden, 18 Wall. 120, 21 L. Ed. 821; Window Glass Mach. Co. v. Smethport Window Glass Co. (D. C.) 266 F. 85.

The plaintiff and defendant have submitted proposed findings of fact and conclusions of law which have been answered and are filed herewith.

Claims 1 and 2 of plaintiff's patent, as limited by the disclaimer, are valid, have been infringed, and the plaintiff is entitled to an injunction and accounting, but is not entitled to costs.

Defendant's motion to dismiss is denied. A decree may be entered accordingly.