## LOWELL et al. v. TRIPLETT et al.

### No. 3816.

Circuit Court of Appeals, Fourth Circuit.

June 3, 1935.

Before PARKER and SOPER, Circuit Judges, and McCLINTIC, District Judge.

Clifton V. Edwards, of New York City (Gaylord Lee Clark, of Baltimore, Md., and John B. Brady, of Washington, D. C., on the brief), for appellants and cross-appellees.

Samuel E. Darby, Jr., of New York City (Cook & Markell, of Baltimore, Md., on the brief), for appellees and cross-appellants.

Before PARKER and SOPER, Circuit Judges, and McCLINTIC, District Judge.

SOPER, Circuit Judge.

The three United States patents involved in this suit, namely, Lowell and Dunmore, No. 1,455,141, Dunmore, No. 1,635,-117, and Dunmore and Lowell, No. 1,606,-212, were involved in three earlier suits in the District Court of Delaware, Dubilier Condenser Corporation et al. v. Radio Corporation of America, 34 F.(2d) 450, wherein it was held that the first two patents were valid and infringed, and that the third patent was not infringed. Plaintiffs did not appeal from the adverse decision upon the third patent, but the Radio Corporation of

America prosecuted appeals from the favorable decisions on the other patents; and the Circuit Court of Appeals for the Third Circuit reversed the decree of the District Court as to these patents, and held the claims involved, to wit, claims 3 and 14 of patent No. 1,455,141, and claim 9 of patent No. 1,635,117, to be invalid as covering mere aggregations devoid of invention and unpatentable in view of the prior art. Radio Corp. v. Dubilier Condenser Corp., 59 F. (2d) 305, 309. On October 25, 1932, certiorari was denied by the Supreme Court as to patent No. 1,455,141, because it was not applied for in time, and as to patent No. 1,635,117 without statement of reason. 287 U. S. 648, 53 S. Ct. 96, 77 L. Ed. 560; 287 U. S. 650, 53 S. Ct. 96, 77 L. Ed. 562.

The claims in suit in the pending case are claims 1 to 4 and claims 13 and 14 in patent No. 1,455,141; claims 9, 11, and 12 of patent No. 1,635,117; and claims 1 to 9 in patent No. 1,606,212.

The nature of the devices is fully described in the opinion of Judge Morris in the District Court of Delaware. Dubilier Condenser Corporation v. Radio Corporation of America, supra. For our present purposes, it is sufficient to say that all of the patents in suit relate to the use in radio receiving sets of alternating current from an ordinary household lighting circuit, in lieu of direct current from A and B batteries and storage cells. The standard 110-volt alternating current, used for lighting purposes, has a frequency of 60 cycles per second, and these continual reversals or alternations produce a distortion of modulation, and a strong hum in the sound output of a radio receiving set, that make the reception unsatisfactory. The elimination of these disadvantages was the problem which the patentees sought to solve.

In patent No. 1,455,141, eliminating means are disclosed for the radio frequency amplifier portion, the detector portion, and the audio frequency amplifier portion, into which the receiver is divided. Patent No. 1,635,117 relates to the operation of the audio frequency amplifier by alternating current. The immediate application of the patent is in connection with a device for the radio operation of telegraph instruments, but the patent points out the use of the amplifier in radio receivers. Patent No. 1,606,212 relates to the use of an audio frequency amplifier and loud speaker operated by alternating current. A coil armature and an electro magnetic field coil are used, and the patent teaches that the hum can be eliminated by the relation in which the windings of these coils are connected.

On July 8, 1933, more than eight months after the denial of the petitions for writs of certiorari by the Supreme Court, the plaintiff filed in the Patent Office a disclaimer with respect to certain claims of patent No. 1,455,141 including claims 3 and 14, which had been held invalid in the Third Circuit, and also a disclaimer with respect to certain claims of patent No. 1,635,117, including claim 9, which had also been held invalid. None of the invalidated claims were canceled by the disclaimers. The purpose of the disclaimers was to ensure that the broad language of the claims would be given more definite meaning by reference to the disclosures of the patent so as to cover what is there described, or the equivalent thereof, in accordance with the well-established rule that in interpreting the language of a claim, the words are not to be taken literally but in the sense in which they were used by the inventor as disclosed in his specification. Elevator Supplies Co. v. Graham & Norton Co. (C. C. A.) 44 F.(2d) 354; Westinghouse v. Boyden Power-Brake Co., 170 U. S. 537, 568, 569, 18 S. Ct. 707, 42 L. Ed. 1136.

The bill of complaint in the present suit was filed on August 17, 1933, against alleged infringers, who were not parties to the suit in the Third Circuit, in order to obtain another hearing upon the merits of these claims, and to secure a decree upholding their validity. When the case was called for trial, defendants moved to dismiss the bill as to the first two patents in suit on the ground that the disclaimers had not been filed within a reasonable period after the final adjudication in the Third Circuit, as required by the provisions of the federal statutes, Rev. St. §§ 4917 and 4922, 35 US CA §§ 65, 71. The gist of these sections and the interpretation to be placed upon them is thus set out in Ensten v. Simon, Ascher & Co., 282 U. S. 445, 450, 452, 453, 51 S. Ct. 207, 208, 75 L. Ed. 453:

"The first of these sections provides in substance that whenever, through inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, a patentee has claimed more than that of which he was the original or first inventor or discoverer, he may be permitted to make disclaimer of such parts of the thing patented as he shall not choose to claim or hold by virtue of his patent. The other permits the

patentee to maintain a suit on his patent, although through inadvertence, accident, or mistake, and without any wilful default or intention to mislead the public, he has claimed some material or substantial part as an invention of which he was not the original or first inventor. He is deprived, however, of the right to recover costs, unless he has filed proper disclaimer before commencement of his suit. And it further provides: 'But no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer.' * * *

"Under the early accepted general rule a patent with an invalid claim was wholly void, and this defect effectually barred suit upon it. Congress undertook to modify this. * * * The two sections 'are parts of one law, having one general purpose, and that purpose is to obviate the inconvenience and hardship of the common law, which made a patent wholly void if any part of the invention was wrongfully claimed by the patentee, and which made such a defect in a patent an effectual bar to a suit brought upon it.' * * * Construed together they 'enact that where a patentee claims materially more than that which he was the first to invent, his patent is void, unless he has preserved the right to disclaim the surplus; and that he may fail to preserve that right, by unreasonable neglect or delay to enter a disclaimer in the Patent Office.' * * *

"The statute is remedial; the intent is to aid the inventor free from wilful default or intention to mislead the public by permitting him to avoid the consequence of inadvertence, accident or mistake through prompt disavowal of the apparent right to exclude others from something improperly included in the words of his grant. Escape is permitted only to one who acted originally in good faith and who has complied with the prescribed conditions.

" 'The same principle which forbids a patentee to assert a right to more than he has actually invented compels him to disavow the right as soon as he discovers that it has been unjustly claimed. Unreasonable delay in disclaiming is thus tantamount to an original fraudulent claim, and through it the patentee loses the privilege of making the amendment by which alone his patent could be saved. The question of unreasonable delay is a question for the court, upon the facts as found either by its own investigation or the verdict of a jury. Delay be-

gins whenever the patentee becomes aware that he has claimed more than he has invented or described.' "

The motion to dismiss was denied by the district judge, since, in his opinion, the delay was not unreasonable in view of the mass of prior litigation affecting the patents and the complexity of the subject-matter. This ruling is challenged in view of decisions more fully discussed in an opinion of this court filed May 1, 1935, in The General Chemical Company v. Standard Wholesale Phosphate & Acid Works, 77 F.(2d) 230, which indicate that disclaimers should be promptly filed. However this may be, the ruling was not prejudicial to the defendants because of the final disposition of the case. Subsequently, the defendants amended their answer raising the defense that the two patents are invalid, not only on account of the unreasonable delay in filing the disclaimers, but also because the disclaimers were inadequate. On the latter ground, the defendant again moved the court to dismiss the bill as to these two patents. During the discussion that followed, the plaintiff made an offer of proof in written form, under Equity Rule No. 46 (28 USCA following section 723) in regard to these patents, and this was filed; but the district judge, being of the opinion that the disclaimers were inadequate, granted the motion to dismiss. He rested his conclusion primarily on the ground that when a court of the United States is prima facie satisfied that a matter has been thoroughly litigated in another circuit and has been correctly decided by the Court of Appeals thereof, and certiorari has been refused by the Supreme Court, the decision should be accepted as binding, and the court should not be required to consider the same testimony, and perhaps some additional testimony, merely to afford the losing party an opportunity to persuade another tribunal to reach a different conclusion. The district judge, having studied the opinion of the Third Circuit and believing it to be sound, declined to receive the proffered testimony and dismissed the bill as to the two patents.

■ In this action, there was, in our view, prejudicial error, for without expressing any opinion as to the merits of the patents in suit, we think that the plaintiff was entitled to present its case for the consideration of the judge in the usual manner, and to secure from him the exercise of his individual judgment, taking into consideration, of course, the light thrown on the sub-

ject by the earlier decisions, but deciding the case according to his own convictions. Such a course would require not merely a careful study of the prior decisions, but a hearing de novo of the evidence offered and a determination based thereon.

The following observation upon the weight to be given by one circuit to the prior decisions of another was made by the Supreme Court in Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 488, 20 S. Ct. 708, 710, 44 L. Ed. 856, a suit upon a patent:

"Comity is not a rule of law, but one of practice, convenience, and expediency. It is something more than mere courtesy, which implies only deference to the opinions of others, since it has a substantial value in securing uniformity of decision, and discouraging repeated litigation of the same question. But its obligation is not imperative. If it were, the indiscreet action of one court might become a precedent, increasing in weight with each successive adjudication, until the whole country was tied down to an unsound principle. Comity persuades; but it does not command. It declares, not how a case shall be decided, but how it may with propriety be decided. It recognizes the fact that the primary duty of every court is to dispose of cases according to the law and the facts; in a word, to decide them right. In doing so, the judge is bound to determine them according to his own convictions. If he be clear in those convictions, he should follow them. It is only in cases where, in his own mind, there may be a doubt as to the soundness of his views that comity comes in play and suggests a uniformity of ruling to avoid confusion, until a higher court has settled the law. It demands of no one that he shall abdicate his individual judgment, but only that deference shall be paid to the judgments of other co-ordinate tribunals. Clearly it applies only to questions which have been actually decided, and which arose under the same facts."

See, also, Sanitary Refrig. Co. v. Winters, 280 U. S. 30, 35, 50 S. Ct. 9, 74 L. Ed. 147. To the same effect is the following statement of this court in Imperial Bottle Cap & Machine Co. v. Crown Cork & Seal Co., 139 F. 312, 313:

" * * * The parties before us have the right to our individual judgment, and considerations of convenience and expediency must give way to demands of duty, from which we cannot be absolved by the doctrine of comity."

It follows, that the case as to these two patents must be remanded to the District Court for further proceedings, unless the dismissal of the bill as to them can be sustained on some other ground. The defendants urge, as a sufficient reason for the dismissal, that the disclaimers were not filed within a reasonable time after the denial of the writs of certiorari, eight months and thirteen days having intervened; and also that apart from the delay, the papers actually filed were entirely inadequate for the purpose. We may assume, for the purposes of the pending case, that in effect no disclaimer has been filed as to the claims passed on in the Third Circuit, for even if the delay of eight months is satisfactorily accounted for, the plaintiff admits, as the defendants contend and the district judge held, that the so-called disclaimers disclaimed nothing and amounted only to an admission that the broad language of the claims should be limited to the disclosures of the specifications, in accordance with the well-established rule.

Stated broadly, the proposition of the defendants means that a decision of invalidity, with respect to a claim of a patent in one federal circuit, is conclusive as to that claim, because the patent may never again form the subject-matter of a suit unless a disclaimer as to the particular claim has been filed within a reasonable time after the adverse decision. The defendants contend that this result necessarily follows from the interpretation given to the disclaimer statutes by the Supreme Court in Ensten v. Simon, Ascher & Co. supra, and by other courts in R. Hoe & Co. v. Goss Printing Press Co. (C. C. A.) 31 F.(2d) 565; Radio Condenser Co. v. General Ins. Corp. (C. C. A.) 65 F.(2d) 458; Emery v. J. G. McCrory Co. (D. C.) 4 F. Supp. 167. The patent considered by the Supreme Court in Ensten v. Simon, Ascher & Co., supra, had been previously litigated in the District Court of the Northern District of Ohio, which had held that claims 1, 3, 4, and 5 of the patent were valid and infringed, but that claim 2 was invalid. On appeal by the defendants as to the ruling on the first-mentioned claims, the decree was affirmed, but no appeal was taken by the plaintiff as to the adverse ruling on claim 2. More than six months after the mandate was issued from the Circuit Court of Appeals, 38 F. (2d) 71, and twenty-three months after the decision of the District Court, a disclaimer was filed. Later, a bill based on the same patent against another defendant was pre-

sented to the District Court of the Southern District of New York, and the bill was dismissed because of unreasonable delay in filing the disclaimer. This decree the Supreme Court affirmed, pointing out that the owner of the patent might have appealed from the adverse decision on claim 2 and thus have secured an early determination of his rights, but instead of doing this, he continued to hold himself out as the sole possessor of the patent right for nearly 2 years, and then abandoned it. Thereby he failed to bring himself within the protection of the statute. It will be observed that in contrast with the admission of invalidity in this case, the owner of the patents in the pending case has made no concession of invalidity, all parties agreeing that the disclaimers left the matter in the same situation as if no disclaimer had been filed. The plaintiffs insist upon the validity of the claims and base their suit in part thereon.

In R. Hoe & Co. v. Goss Printing Press Co., supra, the Circuit Court of Appeals had previously decided [30 F.(2d) 271], that one claim of a patent was valid and ten claims were invalid, and the plaintiff had applied for an interlocutory decree on the valid claim in the District Court. Thereupon the defendant demanded that the plaintiff file a disclaimer as to the other claims as a condition of proceeding, and, on defendant's motion, the Circuit Court of Appeals amended its mandate so as to require a disclaimer. The court said that the patentee could not wait until he had an opportunity to test the validity of the invalidated claims in another circuit, for this might conceivably postpone the filing of the disclaimer until all nine circuits had passed on the subject, and thereby extend the period unreasonably. The practical effect of this decision is that when a claim of a patent has been finally decided to be invalid in a federal circuit, the owner of the patent may not proceed further in that circuit in the same case or in any other case based upon the patent, unless he promptly files a disclaimer, for all doubt as to the invalidity of the claim will have been settled so far as that circuit is concerned.

In Radio Condenser Co. v. General Ins. Corp. (C. C. A.) 65 F.(2d) 458, the right to sue on a counterclaim based on certain claims of two patents was held to have been properly denied by the District Court for the Southern District of New York, because several years previously, these claims had been held invalid in interference proceedings in the Patent Office, and in the interval, the patentee had neither taken an appeal nor attempted otherwise to litigate the patent, nor filed disclaimers.

In Emery v. J. G. McCrory Co. (D. C.) 4 F. Supp. 167, certain claims of a patent sued on in the Eastern District of New York had previously been held invalid in a suit in the Sixth Circuit, and while the latter suit was pending, a suit had been started by the plaintiff on the same patent in the Southern District of New York, during the pendency of which the suit at bar was commenced. Later, the suit in the Southern District of New York was dismissed for want of prosecution. The District Court held, upon the authority of R. Hoe & Co. v. Goss Printing Press Co. supra, that the suit must fail because a disclaimer had not been filed; but it was intimated that the result might have been different if the suit in the Southern District of New York had not been dismissed.

It is established by the decision of the Supreme Court in the Ensten Case that if the owner of a patent has become aware, through adverse decision or other means, that a claim of his patent is void, and fails to file a disclaimer thereof within a reasonable time, he is in the position of one who, with knowledge of the invalidity, has failed to relieve the public of the evil effects of a false and misleading assertion, and he may not thereafter bring suit on any other claim of the patent, even though it be good, for the whole patent has become void. In conformity with this rule, the practice has been adopted in a number of federal circuits, in the event of an adverse decision upon the claim of a patent in a case on trial, to require the filing of a disclaimer of the void claim within thirty or sixty days, as a condition of proceeding further in the case upon the valid claims. Herman v. Youngstown Car Mfg. Co. (C. C. A.) 191 F. 579; Higgin Mfg. Co. v. Watson (C. C. A.) 263 F. 378, 387; Excelsior Steel Furnace Co. v. Williamson Heater Co. (C. C. A.) 269 F. 614, 619; Liquid Carbonic Co. v. Gilchrist Co. (C. C. A.) 253. F. 54; R. Hoe & Co. v. Goss Printing Press Co. (C. C. A.) 31 F.(2d) 565. The courts in the Second Circuit have also had occasion, as in Radio Condenser Co. v. General Ins. Corp., supra, to apply the rule to a case in which a patentee has acquiesced in an adverse decision upon a petition in one jurisdiction, and has

thereafter, without filing a disclaimer, attempted to relitigate the patent in another jurisdiction after an unexplained delay of several years; and these courts have held that under these circumstances, the latter suit was barred.

These decisions, however, do not, in our opinion, control the pending case or require the dismissal of the bill of complaint. Here the owner of the patent made no concession of invalidity of the claims, even in the disclaimers filed on July 8, 1933; but, on the contrary, within a month thereafter, reasserted the validity of the claims in the pending suit. We do not think that the owner of a patent, who desires, after an adverse decision thereon, to obtain the decision of another court, is to be held to the same rigid rule, as to prompt action, as is required for the filing of a disclaimer as to a claim which he concedes to be invalid. In the ordinary case, the owner of a patent can, without difficulty, determine whether or not to file a disclaimer within a relatively short time, for all the circumstances necessary for the decision are immediately available. On the other hand, when he is unwilling to disclaim and desires to obtain the determination of a court of another jurisdiction upon the questions involved, by suit against another infringer, a longer period may reasonably be taken without the loss of the patent rights. We are unable to say in the pending case that the interval which elapsed between the denial of certiorari by the Supreme Court in Radio Corporation v. Dubilier Condenser Corporation, supra, and the filing of the pending suit was so unreasonably long as to destroy the privilege of a second trial in another court.

The mere filing of a disclaimer does not involve the admission that the patent is void if the disclaimer is not adequate. Permutit Co. v. Wadham (C. C. A.) 13 F.(2d) 454; Permutit Co. v. Harvey Laundry Co. (C. C. A.) 279 F. 713; National Fruit Products Co. v. C. H. Musselman Co. (D. C.) 8 F. Supp. 994; Metropolitan Device Corp. v. Cleveland Elec. Ill. Co. (C. C. A.) 36 F. (2d) 477; Seiberling v. John E. Thropp's Sons Co. (C. C. A.) 284 F. 746. If the owners of the patents in the pending case are correct in their contentions (notwithstanding the decision in the Third Circuit) that claims 3 and 14 of patent No. 1,455,141, and claim 9 of No. 1,635,117 are valid, and that no disclaimers were necessary under the law to save the patents, it is immaterial

that disclaimers which contain no concession of invalidity were in fact filed, for no one was prejudiced thereby. Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403, 435, 436, 22 S. Ct. 698, 46 L. Ed. 968. Compare Altoona Publix Theatres, Inc. v. American Tri-Ergon Corporation, 55 S. Ct. 455, 462, 79 L. Ed. ——. On the other hand, if the decision of the Third Circuit should be followed in the pending case, the plaintiff's suit must fail on account of the inadequacy of the disclaimers, not only as to the claims held void in the previous case, but also as to all of the remaining claims, even though some of them may be good; for it would then be established that the owner of the patent had failed to file disclaimers within a reasonable time after notice of the invalidity of some of the claims had been brought home to him.

The long continued practice in patent cases is inconsistent with the defendants' contention that an adverse decision on any claim of the patent requires the prompt filing of a disclaimer thereof, with the result that it may never be litigated again. There are many cases in the books in which decisions adverse to a patent in one circuit have been followed by favorable decisions in another circuit, and generally it is well established that a decision in one circuit, while persuasive, is not binding on the courts of another in litigation upon the same patent between different parties. Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 S. Ct. 708, 44 L. Ed. 856; Sanitary Refrig. Co. v. Winters, 280 U. S. 30, 35, 50 S. Ct. 9, 74 L. Ed. 147. In some of these cases, the original decision of invalidity has related to the entire patent, while in others, it has related to some of the claims only; but it is obvious that the principle underlying the right to litigate the patent again is the same in the first class as it is in the latter, for an adverse decision as to the entire patent should certainly be given as much weight as one in which only some of the claims have been invalidated. The only cases to which our attention has been called tending to show that a decision of invalidity in one circuit is conclusive in all are hereinbefore cited. On the other hand, cases are listed in the note in which the Supreme Court has passed on the merits of patents first held invalid in one circuit, and later, held valid in another circuit; and also cases in the Circuit Court of Appeals where the patent was first held invalid in one circuit and later held valid in another (omitting

cases which reached the Supreme Court).[1] Numerous cases might also be cited in which one Circuit Court of Appeals has held a patent valid, and another Circuit Court of Appeals has later held the patent invalid.

[1] Cases in the Supreme Court prior to the establishment of the Circuit Courts of Appeals:

The Barbed Wire Patent, 143 U. S. 275, 12 S. Ct. 443, 36 L. Ed. 154, although no diversity of opinion existed in the lower courts, indicates the practice prior to the act establishing the Circuit Courts of Appeal.

The original patent had been held to be invalid by the Circuit Court for the Northern District of Illinois. Washburn & Moen Mfg. Co. v. Haish, 4 F. 900. The patent was then reissued and in Washburn & Moen Mfg. Co. v. Fuchs, 16 F. 661, 667, the Circuit Court for the Eastern District of Missouri held the reissue to be unwarranted and void. Suits were then brought upon the original patent in the Circuit Court for the Northern District of Iowa (Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed-Wire Co., 33 F. 261), the patent was again held invalid. The Supreme Court held the original patent to be valid.

Cases in the Supreme Court where the patent was held invalid by the Circuit Court of Appeals in one circuit, and later held valid by the Circuit Court of Appeals in another circuit:

Expanded Metal Co. v. Bradford, 214 U. S. 366, 29 S. Ct. 652, 53 L. Ed. 1034. The patent was held to be invalid by the Circuit Court of Appeals for the Third Circuit. Bradford v. Expanded Metal Co., 146 F. 984. After the decree in the Circuit Court of Appeals for the Third Circuit, plaintiff filed a bill against another defendant in the Northern District of Ohio. The District Court (Expanded Metal Co. v. General Fireproofing Co., 157 F. 564), held the patent to be invalid on the authority of the case in the Circuit Court of Appeals for the Third Circuit. On appeal the Circuit Court of Appeals for the Sixth Circuit reversed this finding and held the patent to be valid. Expanded Metal Co. v. General Fireproofing Co., 164 F. 849. On certiorari from the decree in the Sixth Circuit the Supreme Court held the patent to be valid.

Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 31 S. Ct. 444, 55 L. Ed. 527. The patent was held to be invalid by the Circuit Court of Appeals for the Sixth Circuit in Goodyear Tire & Rubber Co. v. Rubber Tire Wheel Co., 116 F. 363; also by the same court in Rubber Tire Wheel Co. v. Victor Rubber-Tire Co., 123 F. 85. In subsequent litigation the Circuit Court of Appeals for the Second Circuit held the patent to be valid. Consolidated Rubber Tire Co. v. Firestone Tire & Rubber Co., 151 F. 237; also in Consolidated Rubber Tire Co. v. Diamond Rubber Co. (C. C. A.) 162 F. 892. The Supreme Court held the patent to be valid.

Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 235 U. S. 641, 35 S. Ct. 221, 59 L. Ed. 398, did not involve the validity of the patent, but the Circuit Court of Appeals for the Sixth Circuit had held plaintiff to be entitled to defendant's entire profits. Brennan & Co. v. Dowagiac Mfg. Co., 162 F. 472. Subsequently the Circuit Court of Appeals for the Eighth Circuit held plaintiff to be entitled only to nominal damages. Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 183 F. 314. The Supreme Court, after stating the law, substantially followed the ruling of the Eighth Circuit but reversed the decree for special reasons.

Hanover Star Milling Co. v. Metcalf, 240 U. S. 403, 36 S. Ct. 357, 60 L. Ed. 713. A suit on the trade-mark "Tea Rose" was dismissed by the Circuit Court of Appeals for the Fifth Circuit. Metcalf v. Hanover Star Milling Co., 204 F. 211. In a suit in the Seventh Circuit filed shortly before the decision in the Fifth Circuit, the Circuit Court of Appeals for the Seventh Circuit upheld plaintiff's rights in part. Hanover Star Milling Co. v. Allen & Wheeler Co., 208 F. 513. Because of a diversity upon fundamental questions, the Supreme Court took both cases and decided the questions in dispute.

Railroad Supply Co. v. Elyria Iron & Steel Co., 244 U. S. 285, 37 S. Ct. 502, 61 L. Ed. 1136. In copending cases the patent was held invalid by the Circuit Court of Appeals for the Sixth Circuit. Railroad Supply Co. v. Elyria Iron & Steel Co., 213 F. 789, and valid by the Circuit Court of Appeals for the Seventh Circuit. Railroad Supplies Co. v. Hart Steel Co., 222 F. 261. The Supreme Court held the patent invalid.

Abercrombie & Fitch Co. v. Baldwin, 245 U. S. 198, 38 S. Ct. 104, 62 L. Ed. 240. The original Letters Patent were held invalid by the Circuit Court of Appeals for the Seventh Circuit. Bleser v. Baldwin, 199 F. 133. The patent was then reissued and the reissue held void by the Circuit Court of Appeals for the Third Circuit. Grier Bros. Co. v. Baldwin, 219 F. 735. The Circuit Court of Appeals for the Second Circuit then held the reissue patent to be valid. Baldwin v. Abercrombie & Fitch Co., 228 F. 895. The Supreme

The opportunity afforded the owner of a patent in these cases to litigate anew the claims of a patent previously held invalid is analogous to the opportunity afforded a defendant accused of infringement of a patent previously held valid by the courts

---

Court held the patent to be valid and subsequently (Simmons Co. v. Grier Bros. Co., 258 U. S. 82, 42 S. Ct. 196, 66 L. Ed. 475) upheld an application to reopen the case in the Third Circuit.

T. H. Symington Co. v. National Malleable Castings Co., 250 U. S. 383, 39 S. Ct. 542, 63 L. Ed. 1045. The question was one of priority as between Emerick and Byers. The Circuit Court of Appeals for the Seventh Circuit held that Emerick was prior. Miner v. T. H. Symington Co., 229 F. 730. Subsequently the Circuit Court of Appeals for the First Circuit held Byers to be prior. National Malleable Castings Co. v. T. H. Symington Co., 230 F. 821. The Supreme Court held Byers to be the prior inventor.

Meccano, Ltd., v. John Wanamaker, 253 U. S. 136, 40 S. Ct. 463, 466, 64 L. Ed. 822. The District Court in the Southern District of Ohio upheld the patent. The Circuit Court of Appeals for the Sixth Circuit (Wagner v. Meccano, Ltd., 246 F. 603) reversed the District Court and held the patent invalid. Meanwhile suit had been brought in the Southern District of New York where a preliminary injunction was granted and an appeal was taken therefrom. After the decision of the Circuit Court of Appeals for the Sixth Circuit, motion was made before the Circuit Court of Appeals for the Second Circuit to dismiss the New York case. The Circuit Court of Appeals for the Second Circuit (Meccano, Ltd., v. John Wanamaker, 250 F. 250) denied the motion and subsequently (Meccano v. John Wanamaker, 250 F. 450) reversed the order granting a preliminary injunction, at the same time expressing the opinion that the patent was invalid. On certiorari the Supreme Court affirmed the Second Circuit, stating that the matter for review was "upon the preliminary order for injunction and we may go no further," and remanded the cause to the District Court for further proceedings.

New York Scaffolding Co. v. Chain Belt Co., 254 U. S. 32, 41 S. Ct. 21, 65 L. Ed. 116. After the Circuit Court of Appeals for the Eighth Circuit had held the patent to be invalid (New York Scaffolding Co. v. Whitney, 224 F. 452), and the Circuit Court of Appeals for the Third Circuit had held the patent to be invalid (New York Scaffolding Co. v. Liebel-Binney Construction Co., 243 F. 577), the Circuit Court of Appeals for the Seventh Circuit held the patent to be valid (Chain Belt Co. v. New York Scaffolding Co., 245 F. 747). The Supreme Court held the patent to be invalid.

John E. Thropp's Sons' Co. v. Seiberling, 264 U. S. 320, 44 S. Ct. 346, 68 L. Ed. 708. The Circuit Court of Appeals for the Sixth Circuit held two claims invalid. Firestone Tire & Rubber Co. v. Seiberling, 257 F. 74. After qualified disclaimers, the Circuit Court of Appeals for the Third Circuit held the patent as qualified by the disclaimers valid. Seiberling v. John E. Thropp's Sons' Co., 284 F. 746. The Supreme Court held the patent to be invalid.

Corona Cord Tire Co. v. Dovan Chemical Corp., 276 U. S. 358, 48 S. Ct. 380, 72 L. Ed. 610. The patent was first held invalid by the Circuit Court of Appeals for the Second Circuit. Dovan Chemical Corp. v. National Aniline & Chemical Co., 292 F. 555. The patent was then held valid by the Circuit Court of Appeals for the Third Circuit. Dovan Chemical Corp. v. Corona Cord Tire Co., 10 F. (2d) 598. The Supreme Court held the patent to be invalid.

Saranac Automatic Machine Corp. v. Wirebounds Patents Co., 282 U. S. 704, 51 S. Ct. 232, 75 L. Ed. 634. The patent was held invalid by the Circuit Court of Appeals for the Seventh Circuit in Wirebounds Patents Co. v. H. R. Gibbons Box Co., 25 F. (2d) 363. Subsequently the Circuit Court of Appeals for the Sixth Circuit held the patent valid and infringed. Wirebounds Patents Co. v. Saranac Automatic Mach. Corp., 37 F. (2d) 830. The Supreme Court held the patent invalid.

Radio Corp. v. Radio Engineering Laboratories, 293 U. S. 1, 54 S. Ct. 752, 55 S. Ct. 66, 79 L. Ed. ——. After the Supreme Court had held DeForest to be the prior inventor, the Circuit Court of Appeals for the Second Circuit held Armstrong to be the inventor. 66 F. (2d) 768. The Supreme Court upheld DeForest.

Cases in Circuit Courts of Appeals where the patent was first held to be invalid by one Circuit Court of Appeals and later held to be valid by another Circuit Court of Appeals (omitting cases which reached the Supreme Court):

Maitland v. B. Goetz Mfg. Co., 86 F. 124 (Second Circuit). Stiringer patent held invalid by Circuit Court of Appeals for the Third Circuit. Maitland v. Gibson, 63 F. 840. Patent then surrendered and reissued by narrowing claim 1. The reissued claim 1 held valid by Circuit Court of Appeals for the Second Circuit.

McNeely v. Williames, 96 F. 978 (Third Circuit). Certain claims were held invalid in 1890 by the Circuit Court for the Second Circuit (Williames v. Barnard, 41 F. 358), the opinion stating that on filing

of another circuit to try again the issue of validity. It is conceded that this advantage still exists, and that in no case is an alleged infringer bound by the decisions in cases to which he was not a party. No reason has been suggested as to why a decision of invalidity should be given a finality denied to one favorable to the existence of the invention; and no distinguishing reason occurs to us. Not infrequently in the past, a patent first held invalid for lack of inven-

tion has ultimately been sustained; and it has been established that the first decision was in error. Obviously, similar mistakes may be made in the future, and so long as the burden is imposed upon the owner of the patent to sustain the validity thereof in every suit which he brings it does not seem just to deny him the corresponding privilege of testing more than once adverse decisions against him. With these considerations in mind, we are of the opinion that

a disclaimer of the claims held invalid complainants were entitled to a decree upon the other claims. Apparently no appeal was taken by the defendant and at that time plaintiff had no right of appeal from the dismissal. For some reason not apparent on the record, a decree was, according to the opinion of the court in the Third Circuit (96 F. 978, page 980), entered on June 11, 1892, without any disclaimer having been filed.

Suit was brought in the Third Circuit on January 27, 1893. Defendant asserted (96 F. 978, page 980) that "the patent in suit is wholly void by reason of unreasonable neglect or delay" to enter a disclaimer. The Circuit Court of Appeals for the Third Circuit held (96 F. 978, page 986), "We must, therefore, hold that the Reid & Billinton apparatus did not anticipate any of the claims of the patent in suit, and consequently that Williames was under no obligation to enter a disclaimer," and held the patent valid.

Westinghouse Electric & Mfg. Company v. Stanley Instrument Co., 133 F. 167 (First Circuit). The patent was held invalid by the Circuit Court of Appeals for the Second Circuit (Westinghouse Electric & Mfg. Co. v. Catskill, etc., Co., 121 F. 831), holding plaintiff's attempted antedating proofs to be insufficient. The Circuit Court of Appeals for the First Circuit upon more complete proofs held the patent valid. So did the Circuit Court of Appeals for the Seventh Circuit in Diamond Meter Co. v. Westinghouse Electric & Mfg. Co., 152 F. 704.

Thomson-Houston Electric Co. v. Black River Traction Co., 135 F. 759 (Second Circuit). In this case the patent had been held invalid by the Circuit Court of Appeals for the Second Circuit in Thomson-Houston Elec. Co. v. Union Ry. Co., 86 F. 636, and also by the Circuit Court of Appeals for the Sixth Circuit in Thomson-Houston Elec. Co. v. Jeffrey Mfg. Co., 101 F. 121. Subsequently the patent was reissued. In the previous litigation (Thomson-Houston Elec. Co. v. Union Ry. Co., 86 F. 636) plaintiff urged that the claim contains certain features by implication and therefore was not anticipated.

The reissue specification contained a disclaimer limiting the claim to the features in question. It was held that the reissued claim was not for different inventions, and that the claim was valid.

Imperial Bottle Cap & Machine Co. v. Crown Cork & Seal Co., 139 F. 312 (Fourth Circuit). Pending consideration of the case by this court, the Circuit Court of Appeals for the Second Circuit held the patent invalid. Crown Cork & Seal Co. v. Standard Stopper Co., 136 F. 841. This court recognizing the doctrine of comity, nevertheless held the patent to be valid.

Pieper v. S. S. White Dental Mfg. Co., 228 F. 30 (1915). Patent held valid and infringed by the Circuit Court of Appeals for the Seventh Circuit. Previously in 1908 the patent had been held invalid by the Circuit Court of Appeals for the Second Circuit. Pieper v. Electro Dental Mfg. Co., 160 F. 930.

In Backstay Machine & Leather Co. v. Hamilton, 262 F. 411 (1920), certain claims were held invalid. In a subsequent suit, Backstay Machine & Leather Co. v. Zenite Metal Co., 293 F. 23, the Circuit Court of Appeals for the Seventh Circuit held the same claims to be valid and infringed.

In Wenborne-Karpen Dryer Co. v. Cutler Dry Kiln Co., 290 F. 625 (1923), the Circuit Court of Appeals for the Second Circuit held the patent void for lack of invention. After the decision in the Second Circuit, the defendant, in a pending suit in the Sixth Circuit, moved to dismiss upon the ground of privity between the parties. The Circuit Court of Appeals in the Sixth Circuit overruled the plea of privity, reversed a decree of the lower court dismissing the bill, and remanded the case for hearing on the merits. Wenborne-Karpen Dryer Co. v. Dort Motor Car Co., 14 F.(2d) 378.

In Franc-Strohmenger & Cowan v. Arthur Siegman, 27 F.(2d) 785, the patent was held valid after it had been held invalid by the Circuit Court of Appeals for the Sixth Circuit, Forchheimer v. Franc, Strohmenger & Cowan, 20 F.(2d) 553.

the disclaimer statutes should not be given the broad interpretation and effect for which the defendants contend and we conclude that the plaintiff was entitled to a trial of the issues raised as to the first two patents in the District Court, and that the case must therefore be remanded for further proceedings.

Evidence was taken as to the third patent, No. 1,606,212, in the District Court, and the conclusion was reached that the patent was valid and infringed, and from the decree based thereon the defendant has appealed, so that the matter is before us for decision. The subject-matter of this patent, however, is so closely allied with that of the other patents in suit that we deem it unwise to pass on its merits until the whole controversy is before us. The whole case will therefore be remanded to the District Court with leave to the parties to take testimony, including additional testimony as to patent No. 1,606,212, if they see fit, and with leave to the court to reaffirm or modify or reverse its former decree as to this patent after the evidence on all of the patents has been taken, and the entire case presented for the final determination of the court.

Reversed and remanded for further proceedings.

